## THE STATE v. ABRAHAM DUNCAN.

In prosecutions for larceny, or other criminal proceedings of the same kind, the prisoner cannot require the testimony to be reduced to writing.

A question which does not indicate the answer expected from the witness, but merely directs his attention to the subject in relation to which he is to testify, is not a leading one. A leading question is one which suggests to the witness the answer he is to deliver.

It is the universal practice in this State, both in criminal and civil proceedings, to permit a witness after having been examined in chief, consigned and cross-examined, to be again examined by the party by whom he was introduced upon points touching which he had not before testified, or to be subsequently recalled and interrogated in relation to material facts, not before elicited or referred to, either from inadvertence or ignorance of their being within the knowledge of the witness.

The declarations of third persons, though not under oath, are admissible in evidence, where they form a part of the *res gestæ*. Thus, on an indictment for horse stealing, a witness may state, " that on a certain night a negro servant

The State v. Duncan.

came to witness and told him, that a man had offered him a dollar to get him a horse, and that the negro promised to steal the horse and take him to the man ; and that witness told the negro he could do as he had promised." The statement is admissible to show the circumstances under which the horse was sent, and the agency of the witness in sending him.

Where one has been notified of a design to steal his goods, which he neither originated nor suggested, he may, in order to detect the thief, direct a servant or agent, to encourage the design, and afford facilities for the completion of the crime ; and such facilities will not affect the criminality of the thief.

The words "a true bill," as well as the capacity of the foreman, may be endorsed on an indictment by any person, under the direction of the grand jury. It is only necessary, that the finding should be signed by the foreman.

APPEAL from the District Court of Carroll, *Willson*, J.

*Preston*, Attorney General, submitted the case on the part of the State.

*Browder* and *Bryan*, for the appellant.

KING, J. The defendant, Abraham Duncan, having been convicted of horse stealing, and sentenced to imprisonment at hard labor, has appealed from the judgment of the District Court. The alleged errors which he seeks to have corrected in this court, are set forth in several bills of exceptions which accompany the record, and in an assignment of errors submitted by his counsel.

The first ground of complaint is, that the judge refused to cause the evidence adduced upon the trial to be taken down in writing by the clerk. We are aware of no law which requires the testimony to be reduced to writing in criminal proceedings of this kind.

The second bill of exceptions is in these words : " The district attorney put the following question ; ' Did the prisoner, or did he not, state in what the negro had betrayed him ?' This question was objected to because it was a leading one ; and because the witness had been consigned by the district attorney previously, and could only be questioned by him on matters growing out of the cross-examination, and that this inquiry did not grow out of the cross-examination."

A leading question is one which suggests to the witness the answer he is to deliver. The question referred to appears to be free from this objection. It does not indicate the answer which is expected, but merely directs the attention of the witness to the subject, in relation to which he is to testify. In this it offends against none of the rules of evidence.

The strictness of practice in the English courts seems to require, that the re-examination of witnesses should be confined to the subject matter of the cross-examination. Many of the rules with regard to the examination of witnesses, and the introduction of evidence have been much relaxed. It is understood to be now the universal practice of the courts of this State, in both civil and criminal proceedings, to permit a witness, after having been ex-

amined in chief, consigned and cross-examined, to be again examined by the party introducing him, upon points touching which he had not before testified ; and subsequently to be recalled, and interrogated in relation to facts material to the issue, which had not been previously elicited or referred to, either from inadvertence or ignorance, that they were within the knowledge of the witness. In civil cases, it has been held, that it is discretionary with the court to permit witnesses to be introduced, even after both parties had announced that the evidence had been closed.    The exercise of such a discretion may frequently be as important to the safety of the accused, as to the interest of the State.

In answer to the question propounded by the counsel for the accused to witness ; "Did you send the horse on the night in question for the prisoner to ride, or did you cause the horse to be delivered to him ?" the answer was given ; " That on the night in question, the confidential servant of Mr. O. came to witness, between eleven and twelve o'clock, and told him that a man had offered him a dollar to get him a horse, and five dollars to get him a horse, saddle and bridle, and the negro promised to steal and take the horse to him.    That witness told the negro he could do as he had promised."    The answer was objected to ;* but the court permitted it to go to the jury, " for the purpose of showing the circumstances under which the horse was sent, and the agency of Aaron Goza in sending the horse, and so instructed the jury."    We are of opinion that the court did not err.    The evidence objected to formed a part of the *res gestæ*, and, as such, comes within one of the exceptions to the inadmissibility in evidence of the declarations of third persons, not made under oath. It has been settled, that if it be material to inquire, whether a certain person gave a particular order on a certain subject, what he has said or written may be evidence of the order.    Or where it is material to inquire whether a certain fact has come to the knowledge of a third person, what he has said or written may as clearly show his knowledge as what he has done.    1 Phil. Ev. 234.    Roscoe's Crim. Ev. 20, 21.

It has been assigned as error, that the instructions of the judge to the jury were incorrect.    His charge was in the following words ; " If the confessions of the prisoner were made under any influence produced by promises or threats made, they should not

---

* It appears from the bill of exceptions that the counsel for the prisoner, who had propounded the question to the witness on his cross-examination, " objected to that portion of the answer which detailed declarations of the negro, on the ground that the witness could only state what he himself did, and not what the negro told him that the prisoner had said."

be taken as evidence against him. Further, if George Goza delivered, or caused to be delivered, the horse to the prisoner, or whether or not George Goza was so authorized; if the prisoner thought he was, and delivery was made by the knowledge of prisoner, and he took him under the said delivery, and not with a view of stealing him, he is not guilty. But if the prisoner thought he was stealing the horse, and George Goza or William Goza permitted the negro to take the horse, and place him where the prisoner could with greater facility steal him, he is guilty of larceny."

We presume that it was intended to object to the latter part of the charge. A material ingredient in the crime of larceny is, that the goods should be taken without the consent of the owner. It has been held, however, that where the owner has been notified of a design formed to steal his goods, which intent he did not originate or suggest, he may, in order to detect the thief, direct his servant or agent to encourage the design, and afford facilities for the completion of the crime, and that the facilities afforded under such circumstances will not affect the criminality of the thief. 2 Russ. 1047. 2 Chitty Crim. Plead. 920. We are of opinion that the charge of the judge was correct. A motion was made in arrest of judgment, upon the ground, " that the jury were improperly and illegally constituted; that the bill of indictment was found by incompetent jurors; and that the foreman of the grand jury did not endorse on the bill " *a true bill,*" but it was admitted by the district attorney, that he had himself endorsed on the bill " *a true bill.*"

The record furnishes us no means of ascertaining whether any of these alleged irregularities exist. Considering, however, the admission of the district attorney to have been made, his act was not one which would vitiate the indictment. The words " *a true bill,*" as well as the capacity of the foreman, may be endorsed upon the indictment by any person under the direction of the grand jury. It is only necessary that the finding should be *signed* by the foreman; and it is not pretended that this formality was not observed in the present instance.

*Judgment affirmed.*