On the Merits.
Upon an indictment for murder the defendant was convicted of manslaughter, and sentenced. His appeal is based upon three bills of exception, and the plea of prescription, the latter being filed in this ■court.
1. Three jurors, answering upon their voir dire, were asked if they had conscientious scruples against finding a verdict which would entail ■capital punishment. The prisoner objected to the question, but the Court allowed it, and the Court was right. The State has as much a right to a fair and unbiassed trial as has the prisoner. The State is vitally interested not only that offenders against her laws shall be punished in some way, but that they shall be punished in the way she has prescribed, and she has the right to know of a juror whether he has already determined not to punish in one of the modes she has provided, under the pretext of a tenderness of conscience which yearns towards the criminal *1135 and not to society. The question was properly permitted to be asked. State v. Melvin, XI Annual, 535. State v. Nolan, 13 Annual, 276.
2. Before the State had closed its evidence, a witness was recalled who had already been examined and cross-examined. The prisoner objected to any further examination of this witness, but the court allowed it.
This practice has obtained too long to be disallowed now. State v. Duncan, 8 Rob. 562. State v. Colbert, 29 Annual, 715.
3. The prisoner offered his mother as a witness to prove that the deceased had attempted on the day before the homicide to have carnal knowledge of her against her will. The State objected on the ground that evidence of character of the deceased is inadmissible.
The objection to the testimony 'is not put on the proper ground. The evidence was'not of the character oE the deceased, but of a specific act done by him, and its object was doubtless to shew that it was an incentive or inducement to the commission of the homicide, but there is nothing to connect it with that act. In the oft repeated language of the books, it did not form part of the res gestae, and was properly excluded.
Last, as to the plea of prescription.
The offence of manslaughter is prescriptible in one year. The homicide was committed on June 7,1871, and a bill was found in October of the same year. A motion to quash was made by the prisoner, and a similar motion having been sustained in other cases, a nolle pros, was entered on April 22, 1874 On the same day the Grand Jury found another bill, and on another motion to quash being made July 26, 1875, another nol. pros, was entered in October following, and immediately thereafter a third bill was found, and under it the conviction was obtained.
The State contends that there was not a voluntary abandonment of the prosecution under the first bill. The court had sustained a similar motion to quash in other indictments against other prisoners, and the District attorney therefore entered a nol. pros, in this without provoking a decision upon the motion in this case. He should have had the court to rule on the motion of the prisoner in this case.
But when the motion to quash the second indictment was made, the State again entered a nol. pros., and this time solely because the prosecuting officer was satisfied it would be sustained. Here was a voluntary abandonment of the prosecution, and the plea of prescription, interposed by the prisoner, is effectual for his protection.
TVe are referred to the State v. Cason, 28 Annual, 40, where the doctrine is broadly asserted that, if the prosecuting officer finds that the indictment is defective, he can enter a nol. pros., and proceed under a new indictment, although more than a year has elapsed from the com *1136 mission of the crime to the finding of the new bill. We are.constrained to overrule that decision, since it does not accord with the established rules in criminal procedure. The opposite doctrine was asserted in State v. Thomas, 29 Annual, 301, and we reaffirm it.
We are asked by the State to remand the case, in the event we shall hold the plea of prescription to be good, and we shall take that course to enable the State to shew acts, or proceedings, or other matter, which may have interrupted prescription, or avoided its effect. Therefore
It is ordered and adjudged that the verdict of the jury is set aside, the judgment of the lower court thereon is avoided and reversed, and the cause is remanded to be proceeded in, and for a new trial of the prisoner, who is ordered td be retained in custody to await the same.