## No. 1182.

### THE STATE OF LOUISIANA vs. CLEMENT COLLY.

In a prosecution for obtaining money or property by false pretences, the indictment must contain averments that the accused made false representations of a state of things past or present, and it will not be good if the alleged false representations refer to the future only.

A promise is not a pretence within the meaning of the statute, even when the party making the same does not intend to keep it.

Hence an indictment charging the defendant with falsely offering or promising to procure the release on bail of a person in actual custody, by means of which he obtained money, does not disclose an offence covered by the statute.

APPEAL from the Twenty-sixth District Court, Parish of St. Charles. *Rost*, J.

*Gervais Leche*, District Attorney, and *Chas. A. Baquie*, for the State, Appellee.

*James D. Augustin* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This appeal is from a conviction under a charge that the accused "feloniously, unlawfully and knowingly did falsely pretend to one Turner Wilson that he, the said Clem. Colly, would, for and in consideration of the sum of twenty-five dollars, procure the release upon bail of one Manuel Billup, then in custody charged with murder; by *which* said false pretence he, the said Clement Colly, did unlawfully obtain from the said Turner Wilson $12.50 in cash money, and was then and there entrusted with a certain horse in pledge for the remaining balance of $12.50, with intent to defraud, whereas, in truth and in fact, the said Clement Colly, at the time he so falsely pretended, as aforesaid, well knew said pretences to be false."

The information was framed under section 813 of the Revised Statutes, which reads:

"Whoever by any false pretence shall obtain, or aid and assist another in obtaining, from any person, money or any property with intent to defraud him of the same, shall on conviction be punished by imprisonment at hard labor *or otherwise* not exceeding twelve months."

Among other complaints, the defendant urges in a motion in arrest of judgment that the information filed against him cannot sustain a conviction, for the reason that it does not contain the charge of an offence known to the laws of Louisiana.

The offence denounced by section 813 of the Revised Statutes as construed in conformity with the common law of England (Sec. 976 R. S.) contemplates a false statement by the accused of a past event or of an existing fact, and it excludes any representation in regard to a future transaction. Wharton, American Criminal Law, secs. 2085, 2087, 2096, 2112; Bishop on Criminal Law, vol. 2, secs. 397, 400, 401.

Hence it follows that a promise is not a pretence, and that a promise which a man makes and which he does not intend to keep, does not fall within the scope of the legal definition of a false pretence.

In the case in hand, it is not denied that the person whom the accused offered or promised to have released on bail was then in actual custody on a charge for murder; on the contrary it is admitted and made the basis of an argument, hence the representation of the "existing fact" was true and made no part of the alleged false pretence by means of which the defendant obtained the money and the horse of the prosecutrix. But the false pretence is alleged to rest on the promise made by the accused, and which he is charged to have known to be false.

Manifestly such a representation, which has reference to the future only, and not to the past or to the present, is not a pretence within the meaning of the statute.

Wharton and Bishop both refer to a case in which the defendant was charged with obtaining money by the false pretence that he could tell to the owner of certain animals which had strayed, where they could be found; the conviction was set aside because the false pretence referred to the future; it was held that the indictment should have stated that the defendant had pretended that he knew where the animals were.

Thus in the instant case the indictment would have been good either if the statement that Manuel Billup was in custody had been untrue or if the accused had been charged with falsely pretending that he had already procured the release of the prisoner on bail.

Our conclusion is that the motion in arrest of judgment was well founded and that it should have been sustained.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, that the verdict of the jury be set aside, and that the case be remanded for further proceedings according to law.