## No. 12,076.

### STATE OF LOUISIANA VS. JOSEPH GOODBIER.

The rule that statements of the witness out of court contradictory to his testi-
mony can not be proved unless he is first afforded the opportunity of denial,
admission or explanation, is enforced whether the imputed contradictions are
offered to impeach the credit of the witness or to show his malice to the ac-
cused. 1 Greenleaf on Evidence, Secs. 475, 476, 477; Starkie on Evidence, S. P
239, 240; notes at foot.

If the witness admits the contradictory statements the accused can offer no proof
of the contradictions thus admitted, although such proof is proposed to be
given to show the falsity of the explanations of the witness why he made the
statements contradictory to his testimony. Wharton's Criminal Evidence, Sec.
483; Rapalge, Law of Witnesses, Sec. 204.

Although a defence witness has been cross-examined and dismissed without being
questioned as to contradictory statements out of court imputed to him, and
although other defence witnesses have been cross-examined and dismissed,
yet the State, not having commenced rebutting, may be permitted to recall
and examine the defence witness to lay the basis for contradicting him and to
prove such contradictory statements; it appearing by the bill that the District
Attorney learned of the statements after the cross-examination of the witness,
the recall operating no delay and causing no denial of any right of the accused.
8 Rob. 562; 29 An. 716; 33 An. 932; 47 An. 836.

APPEAL from the Nineteenth Judicial District Court for the Parish
of St. Martin. *Voorhies, J.*

*M. J. Cunningham*, Attorney General, *R. F. Broussards*, District
District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Ap-
pellee.

*James Simon* and *James E. Mouton* for Defendant, Appellant.

Argued and submitted February 29, 1896.
Opinion handed down April 6, 1896.

The opinion of the court was delivered by

MILLER, J. The accused, sentenced for assault with intent to
commit rape, appeals.

The first bill of exceptions relied on is to the exclusion of proof
of statements out of court by the prosecuting witness, contradictory
of her testimony. The objection was that the witness had not been

questioned in reference to such statements, and afforded an oppor-
tunity of denial, admission or explanation. The argument for the
accused concedes the rule exacting this preliminary basis for proof
of such contradictory statements, but insists there is an exception
when the statements are offered to show the malice or ill will of the
witness to the accused, the purpose in this case. If this qualifica-
tion is admitted the proof should have been permitted. The witness
is the daughter of the accused, and had testified to the crimes
charged. The contradiction imputed was that she had stated "this
is not so," referring to the rumor of the offence, but that she would
avail of it as a pretext to leave her father. On a charge of
this nature it is extremely unfortunate the accused should be
denied any testimony tending to his exculpation. The excluded
statements, with any accompanying denial or explanation
from the witness, might still have weighed with the jury in
favor of the accused, tried on a charge so serious. The
question therefore, raised by this bill, with a natural appreciation of
its importance to the accused, has received our careful attention.
When it is proposed to assail the testimony of a witness by proof
of variant statements claimed to have been made by him out
of court, it is but fair that he should have been afforded the oppor-
tunity of explanation or denial. With that denial or explanation,
the party, whether the State or the accused on whose behalf the
witness testifies, is, at least, in some degree fortified against any at-
tack on the testimony, and the effect of the testimony is, in the same
degree, maintained. Hence, the rule that the witness against whom
alleged contradictions are to be arrayed must be first afforded the
chance of denial or explanation is necessary for the protection of the
witness, and is also essential to the proper administration of justice.
The reason of the rule would seem to apply whether the imputed
contradictions are offered to impeach the character, motives or
credit of the witness. His testimony, given for any purpose, is en-
titled to its effect, and if assailed by alleged contradictions, should
be accompanied with the denial or explanation the witness may give,
and to this end the opportunity must have been afforded him. In
our view this reason and scope of the rule is borne out by the
authorities. 1 Greenleaf on Evidence, Sec. 462. Wharton's Crimi-
nal Evidence, Secs. 475, 476, 477, 485, 488. Starkie on Evidence, S.
P. 239, 240; notes at foot. Much as we regret the possibility that

the accused has not had the benefit of exculpatory testimony on so grave a charge, we must hold that there was no error in the ruling of the lower court presented on the first bill of exceptions.

The second bill is to the exclusion of the testimony of a witness for the defence, offered as stated in the brief to contradict the explanation of one of the State's witnesses for contradictory statements, i. e., of his testimony on the stand. The witness whose statements out of court were proposed to be given in evidence, had admitted the contradictions on his attention having been called to the subject. The rule is that if the witness admits on the stand the contradictions imputed to him, the defence is under no necessity to sustain the contradictions, and is not permitted to offer the sustaining proof. Wharton Crim. Evidence, Sec. 483; Rapalge Sec. 404. The right of the party to offer proof of contradictory statements of a witness is restricted, and ceases altogether when the contradictions are admitted. Testimony to show that the explanation is false given by the witness of the admitted statements, it seems to us, is inadmissible as held by the lower court.

The last bill reserved was to the ruling permitting the recall by the State of a defence witness for the purpose of examination to lay a basis of proving his contradictory statements, and the objection extends to the proof of such statements. This was allowed after the witness had been examined, cross-examined, dismissed, and after other defence witnesses had been examined, cross-examined and its case closed. The reason assigned by the prosecuting attorney for not cross-examining on the point is, that he only learned of the statements after he had dismissed the witness. He informed the court of his information and was permitted to recall the defence witness, examine him on the subject and prove the imputed contradictions. All this was done before the State entered on its rebutting testimony. Undoubtedly, the appropriate time for examination of a witness in reference to his statements out of court variant from his testimony on the stand is on his cross-examination. Our jurisprudence has relaxed the rules as to the time and order of introducing testimony, whether for the State or defence. In this instance there was no delay, the witnesses being at hand, and there is no complaint of the denial of the right of the accused to sustain the credit of his witness. Under these circumstances we think there was no error in the

ruling of the court.  State vs. Duncan, 8 Rob. 562; State vs. Colbert, 29 An. 716; State vs. Rose, 33 An. 932; State vs. Nixon, 47 An. 836.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.