PROVOSTY, J., not having heard the argument, takes no part.

---

(38 South. 26.)

No. 15,312.

In re SCHMIDT.

(Feb. 13, 1905.)

DEED ABSOLUTE IN FORM—SECURITY FOR DEBT —INTENT OF PARTIES—SALE OF REALTY—TITLE.

1. An act, in the form of a sale of real estate, which is intended merely to secure a debt, and not to operate as a conveyance of the property, will, as between the parties thereto, be given the effect intended. where the evidence of the intention is in the form of a written instrument signed by such parties.

2. A husband and wife, neither of whom has ascendants, descendants, or collateral heirs, execute an instrument, purporting to be a sale of community property. After the death of the wife the vendee, who is the universal legatee of the wife, retrocedes the property to the husband by an instrument in which it is declared that it had been conveyed to her merely as security for a debt which has since been paid, and that the then purpose is to retrocede it as though the conveyance had never been executed. The husband thereafter donates an undivided half interest in the property to the vendee, and then marries her, after which he dies, and his widow, as legatee and donee, holds possession

of the property for more than 10 years, when, she being interdicted, it is sold, at the instance of her curator, by order of court.

*Held*, that the adjudicatee must accept the title.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

In the matter of the interdiction of Charlotte Schmidt or Schmitt. From a judgment condemning George Koop to accept title to certain real estate, he appeals. Affirmed.

Robert John Maloney, for appellant. Carl Converse Friedrichs and Frank McGloin, for appellee.

### Statement.

MONROE, J. George Koop appeals from a judgment condemning him to accept title to certain real estate of which he is the adjudicatee. The undisputed facts, upon the basis of which he declines to accept, are as follows:

John H. Schmidt bought the property in 1852, during the community which existed between him and Christine Ahrminger, his first wife. In 1870 he and his wife transferred it to Charlotte Klein by a notarial act purporting to be an act of sale.

In March, 1873, Mrs. Schmidt died, leaving neither ascendants, descendants, nor collateral heirs; also leaving a will whereby she named Charlotte Klein as her universal legatee. On September 13, 1873, Charlotte Klein retroceded the property in question to Schmidt by notarial act containing the following, among other, recitals, to wit:

"Personally came * * * Charlotte Kline * * * who declared that, by an act passed on the 8th of April, 1870, John Henry Schmidt sold to her [then follows a description of the property]. That the said sale was made for the total price and sum of $5,350, for the said lot of ground and buildings, and $250, for the household furniture and kitchen utensils, making the sum of $5,600 expressed in the said act to have been paid in cash. That, in reality, the said sale was, by agreement between the parties, made to secure the said Charlotte Kline

for the payment of a debt nearly equal to the consideration expressed in the said sale, but the said John Henry Schmidt having, by partial payments, from time to time, satisfied his whole indebtedness, she, the said Charlotte Kline, in compliance with previous agreements, has agreed to transfer, and she does, by these presents, retransfer, reconvey and retrocede all the above described real estate and furniture to the said John Henry Schmidt * * *. To have and to hold * * * in the same manner as if the said sale of the eighth of April, 1870, had never taken place."

On September 17, 1873, Schmidt, by notarial act, donated to Charlotte Klein an undivided half interest in the property, and he thereafter, in October, 1873, married her, and in July, 1886, died in this city, leaving neither ascendants, descendants, nor collateral heirs. The day after his death, his widow, Charlotte Klein, opened the succession of his first wife, caused her will to be probated, and was sent into possession of her estate as her universal legatee, and particularly of the undivided half interest in the property in question. The succession of John Henry Schmidt does not appear to have been opened. Eventually Charlotte Klein was interdicted, and the property in question has been sold, by order of court, as the result of legal proceedings, the regularity of which is not questioned.

For answer to the rule to compel him to accept title, the defendant, Koop, after reciting the facts, alleges that it appears therefrom that Schmidt, at the date of his death, owned an undivided half interest in the property in question; that his widow, the present interdict, did not inherit from him by reason of her failure to comply with the law; and that said interest is now vested either in his estate or in the state of Louisiana.

### Opinion.

The purpose and effect of the act of retrocession of September 13, 1873, was not to create a new title to the property in question, but to re-establish, and remove a cloud from the title which had been vested in the

community previously existing between Schmidt and his first wife, and Schmidt thereafter (and so long as the will of his deceased wife remained unprobated and unexecuted) held the property as owner of one half and usufructuary of the other, from which it follows that when, upon September 17, 1873, he donated an undivided half interest to Charlotte Klein, there was nothing left to him but the usufruct of the remaining half interest, the continued enjoyment of which was dependent upon the inaction of the universal legatee in the matter of the probate and execution of the will whereby that interest was disposed of. As it happened, Schmidt married the universal legatee, and no steps were taken with reference to the will until after his death, when it was ordered to be executed, and his widow, Charlotte Klein, in her capacities of legatee and donee, became possessed of the entire property.

We see no reason for doubting her good faith in going into possession in those capacities, since, as Schmidt left no heirs of the blood, she might have been sent into possession (as his heir) of any interest that he might have had; and, as she continued in possession for more than 10 years before the adjudication of the property to the appellant herein, the defects in her title, if any there were, are cured by prescription. Civ. Code, 3478 et seq.

The judgment appealed from is therefore affirmed.