LAND, J.
The accused has appealed from :a sentence of hard labor for the crime of .manslaughter, and relies for reversal on an ■•assignment of errors and a bill of exceptions.
The accused assigns for error that the minutes do not affirmatively show that the foreman of the grand jury which found the indictment was duly appointed and sworn. This objection comes too late after plea and ■trial. Marr’s Criminal Jurisprudence, § 304.
[1, 2] It is assigned as error that Hon. Thomas W. Robertson, district attorney of the Second judicial district, was called and sworn as district attorney pro tempore of the Second judicial district, and as such signed the indictment found against the accused. It is well settled, that the omission of the signature of the district attorney to an indictment is a formal defect which must be urged before the trial. State v. Crenshaw, 45 La. Ann. 496, 12 South. 628; State v. Williams, 107 La. 789, 32 South. 172. The case was tried by the district attorney, and no objection, was made to the indictment. The statute provides that “every objection to any indictment for any formal defect apparent on the face thereof shall be taken by demurrer or motion to quash such indictment, before the jury shall be sworn, and not after-wards.” R. S. 1870, § 1064. It follows that the objection that the indictment was not signed by a competent district attorney pro tem. cannot be assigned as error in this court.
[3] The single bill of exception in the record was reserved to the calling back by the prosecution of a defense witness for cross-examination for the purpose of impeaching his credibility. It appears from the recitals of the bill that after the defense had closed, and before the prosecution had opened its case in rebuttal, the district attorney asked leave to recall a certain witness for the accused for cross-examination to lay the basis of an impeachment question only, at the same time stating to the court that he had not known of the contradictory statement of the witness until after the defense had closed; and that the court thereupon permitted the witness to be recalled for the purpose stated, and the following question propounded to him, to wit: ■
“Did you not state to Ed. Bridges, on the same day, just after the shooting in the town of Athens, that you and Peterson were seated in the buggy in the road at the time of the shooting?”
Defendant objected on the grounds that the evidence sought to be elicited was not in rebuttal of any evidence offered by the de *749 fense, and that the state cannot, after the defendant has closed his case, recall a defense witness on cross-examination for the purpose of laying the basis for impeachment; .and that the fact inquired' about was collateral and irrelevant to the issue.
In State v. Goodbier, 4S La. Ann. 770, 19 South. 755, the court sustained the right of the prosecution to recall a defense witness for cross-examination, under the circumstances and for the purpose recited in the bill of exceptions.
The objection that the fact inquired about was collateral and irrelevant to the issue is not sustained by the recitals of the bill. The whereabouts of the witness at the time of the homicide determined his opportunity to .see and hear what took place, and his testimony as to his particular position on the ■occasion in question was relevant and material to the issue. The sworn statements of the witness being relevant, his prior contradictory statements on the same subject-matter were equally relevant as tending to. impeach the truth of the testimony. The ■question of the credibility of a witness is always relevant and material to the issue.
It is therefore ordered that the verdict .and sentence below be affirmed.