(63 South. 500.)

No. 20,142.

STATE v. HARP.

(Nov. 17, 1913.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1144*)—GRAND JURY (§ 20*) — ORGANIZATION — PRESUMPTION — OBJECTION.

The presumption is that the grand jury was duly organized. Objections to the organization of the grand jury came too late after plea and trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2764, 2766–2771, 2774–2781, 3016–3037; Dec. Dig. § 1144;* Grand Jury, Cent. Dig. §§ 56–58; Dec. Dig. § 20.*]

2. INDICTMENT AND INFORMATION (§ 11*) — IDENTIFICATION OF INDICTMENT — SUFFICIENCY.

The filing of the indictment by the clerk sufficiently identifies it with the report of the grand jury as entered in the minutes of the same date.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 62–75; Dec. Dig. § 11.*]

3. COURTS (§ 115*) — MINUTES — RECITALS — OPENING OF COURT.

Where the minutes recite the opening of the court on a certain day pursuant to adjournment, and continuous proceedings from day to day in open court, and in the presence of the accused and his counsel, the omission of the recital of the formal opening of the court is not a fatal defect.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 367; Dec. Dig. § 115.*]

4. JURY (§ 80*)—ATTACHMENT FOR ABSENT JUROR—TIME FOR MOTION.

After a trial of the case has commenced, it is too late for the defendant to move for the attachment of absent jurors.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 360–366; Dec. Dig. § 80.*]

5. CRIMINAL LAW (§ 957*)—NEW TRIAL—IMPEACHMENT OF VERDICT.

Where a juror participated in the verdict, his subsequent statements as to his animus are inadmissible to impeach the verdict.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2392–2395; Dec. Dig. § 957.*]

Appeal from Thirtieth Judicial District Court, Parish of La Salle; George Wear, Sr.. Judge.

Jack Harp was convicted of manslaughter, and appeals. Affirmed.

T. W. Perrin and Flowers & Flowers, all of Jena, for appellant. R. G. Pleasant, Atty. Gen., S. L. Richey, Dist. Atty., and Wear & Jones, all of Jena, and S. R. Holstien, of Harrisonburg (G. A. Gondran, of Donaldsonville, of counsel), for the State.

LAND, J. The defendant was indicted for murder, and found guilty of manslaughter.

He appeals from a sentence at hard labor for 10 years.

[3] In this court the defendant has filed an assignment of errors patent on the face of the record. The alleged errors are similar to those urged in State v. Griggsby, 117 La. 1052, 42 South. 497. As was said in that case, the failure of the minutes to state that the court was opened from day to day would be fatal to the appeal of the accused.

The indictment is in due form, and is indorsed "a true bill" by the foreman. It also recites that the grand jury had been duly impaneled and sworn. The first entry on the minutes recites that the court met on May 15, 1913, pursuant to adjournment, and that the grand jury came into court, and, all having answered to their names, the following report was rendered:

"State of Louisiana v. Jack Harp.
371. Murder."

[2] The indictment was indorsed filed on the same day by the clerk of the court. The filing sufficiently identifies the bill with the minute entry. State v. Breaux, 104 La. 540, 29 South. 222.

[1] We have held in several cases that the presumption is that the grand jury was duly organized. Marr's Crim. Jurisprudence of La. § 304. Objections to the organization came too late after plea and trial. Id.; State v. Owen, 130 La. 746, 58 South. 557. The subsequent minutes do not formally recite the opening of the court, but show that all the proceedings during the trial were had in open court, and that the accused was sentenced and appealed in open court.

We therefore conclude that no fatal defects are patent on the face of the imperfect record before us. We are constrained, however, to admonish the clerk to keep the minutes of his court in proper form.

[4] Bills of exception Nos. 2, 3, and 4 are based on the absence of Chevalier and John-son, two of the regular jurors, who, when called, did not answer to their names. The judge announced that he would not order attachments at that time for the absent jurors. On the next day the trial proceeded, and one regular juror was accepted and sworn. The two absent jurors were again called, but did not answer. The regular venire having been exhausted, talesmen were called. The defendant objected to further proceedings until the absent jurors could be had, or it had been ascertained that they could not be had. The objection was overruled by the court, and defendant excepted to the ruling. At no time did the defendant request that the absent jurors be attached. The ruling of the judge was correct.

"Before going to trial, the accused may require the regular jury to be called in order to ascertain how many of them are present, and then may move for attachments." Marr's Crim. Juris. § 310.
"After the trial has once commenced, its progress cannot be obstructed by motions for attachment for absent jurors." Id.

[5] One of the grounds for defendant's motion for a new trial was that *after the trial* one of the jurors stated in the presence of a witness that, when he was informed that he had been drawn on the jury, he made up his mind that he would do all in his power to get on the Jack Harp case, and that, if he did— (here the witness was interrupted by one of the counsel for the state), and that the juror further said:

"There have been too many criminals turned loose in this parish, and this fact has been brought home to me; when Rudolph Entriken was turned loose, he settled down right at my door, and my wife and children were scared to death, and were afraid to get out of the house."

Defendant offered to prove these statements; but the testimony was ruled out, for the reason that a juror could not be heard to impeach his own verdict. The defendant excepted to the ruling. The ruling was correct. See State v. Barrett, 117 La. 1086, 42 South. 513; State v. Cunningham, 123 La.

870, 49 South. 601; State v. Ferguson, 114 La. 70, 38 South. 23.

In the last-cited case, the court said:

"The testimony, and a*fortiori the unsworn certificate, of a juror is not admissible to impeach the verdict of the jury of which he was a member. The court must derive its knowledge of the misconduct of the jury from some other source than the jurors themselves" —citing a number of cases. 114 La. 78, 38 South. 26.

The cases cited by counsel for defendant are not applicable to the point just considered.

Other bills in the record are called to our attention, but are not discussed in the defendant's brief. These bills have had our attention, but in our opinion have no merit.

Judgment affirmed.