(98 South. 861)

No. 26366.

### STATE v. ANTOINE.

(Jan. 7, 1924.)

*(Syllabus by Editorial Staff.)*

False pretenses ⟁7(5)—Obtaining money through promise to disclose hidden treasure held not within "false pretense" statute.

Defendant's false and fraudulent representation that he could obtain a magic or mineral rod which would locate hidden treasure, that he would produce the magic rod within 30 days, and locate treasure, which he would divide with certain parties from whom he thereby obtained money, *held* not an offense within Rev. St. § 813, defendant not having made a false statement of a past event, or of an existing fact or event.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, False Pretense.]

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

George Antoine was charged with obtaining money under false pretenses, motions to quash were sustained, and the state appeals. Affirmed.

A. V. Coco, Atty. Gen., and Percy T. Ogden, Dist. Atty., of Crowley (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

Kennedy & Roos, of Lafayette, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. Two indictments were returned by the grand jury against the defendant. It is charged in both indictments that he obtained money under false pretenses. The charges are identical, except as to the amount and the persons whose credulity was imposed upon. The cases were consolidated for the purpose of trial, and a motion to quash the indictment was filed in each case. From a judgment maintaining the motions to quash, the state has appealed.

The indictments charge that the defendant falsely and fraudulently pretended that he could obtain a magic or mineral rod which would locate, beneath the surface of the earth, hidden treasure; that he would produce the magic rod within 30 days; and that he would locate hidden treasures of great value, and would divide the same with Ulysse Duhon and Prosper Duhon. It is charged that on this representation he received $600 from Ulysse Duhon and $300 from Prosper Duhon.

The defendant contends that the crime denounced by section 813 of the Revised Statutes, the section under which he is prosecuted, contemplates the obtaining of money or property by false representations of a past or existing condition, and that it does not embrace a promise to do something in the future, by means of which he fraudulently obtained the money or property of another.

The legal proposition presented seems to be well settled. In the case of State v. Colly, 39 La. Ann. 841, 2 South. 496, this court say:

"The offense denounced by section 813 of the Revised Statutes as construed in conformity with the common law of England (section 976 R. S.) contemplates a false statement by the accused of a past event or of an existing fact, and it excludes any representation in regard to a future transaction. Wharton, American

Criminal Law, §§ 2085, 2087, 2096, 2112; Bishop on Criminal Law, vol. 2, §§ 397, 400, 401.

"Hence it follows that a promise is not a pretense, and that a promise which a man makes, and which he does not intend to keep, does not fall within the scope of the legal definition of a false pretense."

See, also, 23 Cent. Dig. False Pretenses, par. 12; American Digest, Second Decennial Edition, vol. 2, "False Pretenses," p. 158, par. 7 (5); Am. & Eng. Ency. of Law, vol. 12, "False Pretenses and Cheats," p. 810, § 11, subsec. 4 (2), and authorities under note 1; Key-Number Series of American Digest, "False Pretenses," par. 7 (5).

In the cases we are considering the defendant did not make a false statement of a past event or of an existing event or fact. He falsely and fraudulently promised to do a certain thing in the future, and however reprehensible his conduct may have been it does not fall within the scope of the legal definition of a false pretense.

The judgments maintaining the motions to quash are correct, and are therefore affirmed.

O'NIELL, C. J., concurs in the decree.