172 So. 2

**STATE v. KILLGORE.**

No. 34159.

Jan. 4, 1937.

Seals & Atkins and T. T. Land, all of Homer, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., W. F. M. Meadors, Dist. Atty., and T. H. McEachern, both of Homer, and George Gilbert, of Longview, Tex., for the State.

ODOM, Justice.

The defendant was indicted and tried for murder, convicted of manslaughter, and sentenced to hard labor. From the conviction and sentence he appealed.

Counsel for the defendant has filed no brief and made no appearance in this court to argue the case orally, and it was submitted by the state on brief. We find in the

record four bills of exception, Nos. 1, 2, 7, and 9. Bills Nos. 1 and 2 relate to the same subject matter, and we shall consider them as one.

 The district attorney in his opening statement to the jury explained at considerable length the difference between murder and manslaughter. Counsel for defendant objected to his statements on the ground that he should not be permitted in his opening remarks to go into detail as to what constitutes the crime of murder and the difference between murder and manslaughter. The trial judge refused to interfere, on the ground that it was the duty of the district attorney under article 333 of the Code of Criminal Procedure to explain to the jury "the nature of the charge and the evidence by which he expects to establish the same." The trial judge was of the opinion that in explaining the nature of the charge it was competent for the district attorney to state concisely what constitutes the crime of murder, including the element of malice, and further that, inasmuch as the jury may bring in a verdict of manslaughter in all cases where the charge is murder, it was proper for him to explain to the jury the difference between murder and manslaughter.

The ruling of the trial judge was correct on this point, and we approve it.

 While the defendant was on the stand as a witness in his own behalf he was asked the following question by his attorney:

"Did your wife, Mrs. Mable Killgore tell you on the night preceding the Monday morning of the shooting that Tom Gilbert (the man killed by defendant) had insulted her and informed you the nature or character of those insults?"

The trial judge informs us in his per curiam to this bill that defendant killed the deceased about 10 o'clock in the morning. The bill recites that the purpose of the testimony sought to be introduced was to show that the defendant killed the deceased in the heat of passion. The district attorney objected to the introduction of the testimony on the ground that it was hearsay and immaterial; and, conceding that such testimony is material in order to reduce a deliberate taking of human life from murder to manslaughter, the time at which the communication was made by the wife to her husband was too remote. The trial judge sustained the objection on the ground that, more than ten hours having elapsed from the time that the wife of the accused told him of the insulting remarks which the deceased had made to her, there was sufficient cooling time, and that it was evident that the accused did not kill the deceased while in the heat of passion.

As the only purpose for admitting testimony of this character in a case where the homicide is deliberate is to reduce it from the grade of murder to that of manslaughter, and inasmuch as the defendant was convicted of manslaughter only, the defendant has no right to complain on appeal, even if the judge did err in refusing to permit the witness to answer the question. If there was error, it was harmless, and, under article 557 of the Code of Criminal Procedure, a judgment will not be set aside or a new trial granted by the appellate court unless "it appears that the error complained of has probably resulted in a miscarriage of justice,

is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."

■ Bill of exception No. 9 was reserved by the defendant to the ruling of the judge permitting the district attorney to recall the wife of the defendant to the witness stand in order to lay a foundation for the impeachment of her testimony.

There was no error in this ruling. The judge states in his per curiam to this bill:

"That before the defendant closed his case and before any testimony was offered by the State in rebuttal, the prosecution asked the right to call Mrs. Mable Killgore, a defense witness, for cross-examination, for the purpose of impeaching her credibility * * *. The Court permitted the prosecution to call Mrs. Killgore for further cross-examination, she having already testified as a witness for the defendant but having not been cross-examined as to her contradictory statements, it appearing that the District Attorney learned of the statements after his cross-examination of the witness and he having so announced to the Court, and she was only asked as to statements that she had made to a Mr. Rogers and a Mr. Suggs, which statements were contradictory to the statements she had made as a witness for the defendant."

It is well settled that a trial judge may in his discretion permit the district attorney at the close of the evidence for the accused to recall a witness for the defense for cross-examination for the sole purpose of laying a foundation for impeaching the credibility of the witness by proof of contradictory statements. State v. Owens, 130 La. 746, 58 So. 557; State v. Goodbier, 48 La.Ann. 770, 19 So. 755.

We find no reversible errors in the proceeding. The judgment is affirmed.