84 So.2d 601 (1955)
228 La. 960
STATE of Louisiana
v.
Arthur DABBS.
No. 42444.
Supreme Court of Louisiana.
November 7, 1955.
Rehearing Denied December 12, 1955.
*602 Richard Dowling, New Orleans, for appellant.
Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Edward A. Haggerty, Jr., Asst. Dist. Atty., Peter J. Compagno, Asst. Dist. Atty., New Orleans, for appellee.
SIMON, Justice.
The defendant, Arthur Dabbs, appeals from his conviction and sentence for the violation of LSA-R.S. 14:67, having been charged in a bill of information with the theft of three automobiles of a total value of $5275.00, property of the Jeffrey Motor Company, a commercial partnership authorized to do business in the city of Linden, Alabama.
The defendant filed a motion for a bill of particulars, which was furnished by the State in an original and supplemental answer wherein it set forth that on October 1, 1953, defendant, as the owner and operator of Arthur Dabbs Auto Sales in New Orleans, agreed to purchase three automobiles from Clyde Jeffrey, co-owner of the Jeffrey Motor Company in Linden, Alabama, for the total price of $5,275, to be paid upon delivery; that on October 2, 1953, the three automobiles were driven to New Orleans and delivered to defendant's employee, who presented three sight drafts to one of the drivers of said cars, payable two days after sight, knowing at the time that there was not sufficient money in the bank to cover the amounts of said drafts; that this constituted fraudulent practice or false pretenses employed by the defendant in obtaining possession of said automobiles; that the defendant subsequently sold the three automobiles, received the sales price therefrom, and has paid no part of the purchase price shown in the bill of information.
Defendant relies on six bills of exception and a motion in arrest of judgment for the annulment of the verdict and sentence.
The first bill of exception was reserved to the trial court's ruling denying a motion to quash the bill of information. This motion was filed on the ground that the charge set forth in said information does not constitute a crime under Louisiana law, and on the further ground that said charge, as amplified by the bill of particulars, charges the defendant with having made a promise to pay by virtue of sight drafts, payable two days after date, and that this constituted a promise to pay in the future, which is not denounced as a criminal act.
Bill of Exception No. 2 was reserved to the trial court's overruling defendant's written objection to the impaneling of a trial jury and to the production of any evidence on the ground that the bill of information as amplified by the bill of particulars fails to charge a crime; and if any responsibility is to be attached to that transaction had between the parties, it is exclusively civil in nature. This bill reiterates the legal issue presented in the motion to quash to which Bill of Exception No. 1 was reserved. We shall, therefore, jointly consider and dispose of both bills.
An examination of the bill of information clearly reveals that on its face the defendant is charged with having committed a theft in violation of our LSA-R.S. 14:67. The subject of the theft is named, in this instance three automobiles, and their total value is therein stated, all of which is drawn according to the statutory form authorized by LSA-R.S. 15:235.
Irrespective of what may be contained or set forth in the bill of particulars relied on by the defendant to support his contention presented by these bills, we are not concerned therewith. The prosecution was conducted exclusively on what was contained within the four corners of the bill of information, and we cannot look beyond its four corners to determine its validity. There can be no prosecution on a bill of particulars. Nor can the contents *603 of a bill of particulars, whatsoever is set forth therein, alter, change, amend or affect the bill of information. A bill of particulars can neither create a defect in a bill of information nor remedy a defective one. Neither can it serve as a vehicle to afford a defendant a right of demurringin this instance a motion to quashwhere the bill of information on its face is not demurrable.
The settled jurisprudence of this state is expressed in the case of State v. Varnado, 208 La. 319, at page 380, 23 So.2d 106, at page 126, which in part is as follows:
"`* * * The office of a bill of particulars is to supply the accused and the court additional information concerning an accusation that the defendant has committed an act or acts constituting a criminal offense. In so far as its purpose is concerned a bill of particulars is in the nature of a pleading, and, when furnished, operates to limit the prosecution in its proof to the specifications thereon contained * * *' but `A bill of particulars cannot create or cure a defect in the indictment or information. It cannot be furnished the accused to enable him to demur to the indictment; nor, if the indictment is not demurrable on its face, can the furnishing of a bill of particulars make it so. A bill of particulars is not an amendment of the indictment or information, and cannot change the offense charged in the indictment or in any way aid an indictment fundamentally bad. Furthermore, it is not a remedy or cure for an indictment so defective that it charges no offense.' 27 Am.Jur. 672, Section 112. * * * (Italics ours.)" See, also, State v. Bienvenu, 207 La. 859, 22 So.2d 196; State v. Pettifield, 210 La. 609, 27 So.2d 424; State v. Espinosa, 223 La. 520, 66 So.2d 323.
The following observation of this court in the Bienvenu case, supra, is most pertinent to the case at bar [207 La. 859, 22 So.2d 198]:
"* * * nevertheless the fact remains that defendant is not being prosecuted on the bills of particulars, but solely on the informations. A bill of particulars can never take a criminal prosecution out of the statute on which the indictment or information is based."
Counsel for the defendant cites three Louisiana cases[1] to support the contention that the defendant was not charged with a criminal act.
These cases relied upon by the defendant are clearly inapplicable. They dealt with false representations as to past events or existing facts, contradistinguished from representations in regard to a future transaction. In the latter instance such representations were deemed to be promises made without intentions of performing the thing promised. We held that such representations were not pretenses as denounced by the then existing criminal laws. These cases were decided prior to the legislative enactment of LSA-R.S. 14:67 (1942) which broadened the concept of theft to include all offenses of larceny, embezzlement and obtaining by false pretenses, and thereby abolished the distinction between these common law concepts. Prior to 1942 the false pretenses statute[2] applied only to representations as to past and present facts and did not apply to representations as to future events. The legislature enacted LSA-R.S. 14:67 so that it would include not merely representations, but any "fraudulent conduct, practices or representations". The theft statute was thus designed to enlarge its scope from that of representations only as a basis for theft by fraud and to extend the concept so as to include fraudulent conduct or *604 practice. The determination of the guilt or innocence of the accused of theft as denounced by LSA-R.S. 14:67 and as charged in the bill of information rested exclusively within the province of the jury.
We find no merit in Bills of Exception Nos. 1 and 2.
Bill of Exception No. 3 was taken to the court's refusal to give a special charge to the jury relating to customary practice between persons in the used car business. The requested charge is as follows:
"If you find that in the automobile business and in the transaction of buying and selling used cars, that it is customary to give drafts and checks and that the parties knowing that the drafts or checks are not covered at the time they receive them, but are expected to be covered at a future time and then they are not covered, there is no violation of the Criminal Law but a Civil Transaction only, and a defendant under such circumstances should be found `Not guilty'."
In his Per Curiam the trial judge states that he refused to give this charge because it had no application to the case at bar. Suffice it to say, no custom is a justifiable defense for violation of the criminal code of this state. Our criminal laws are statutory, and those acts which are expressly denounced as criminal cannot be nullified or deemed excusable by virtue of custom or prevailing practices. We find no merit in Bill of Exception No. 3.
Bill of Exception No. 4 was reserved to the trial court's refusal to permit counsel for the defendant to read to the jurors on their voir dire examination the law as expressed in the above cited cases.[3]
The district attorney's objection to this procedure was sustained, and correctly so. From the trial court's Per Curiam we observe that at the time said objection was sustained counsel for the defendant was informed that he would be permitted to read the decisions of the Supreme Court and any other law that he deemed persuasive to the jury after the close of the taking of testimony or during his summation. We further learn from the trial court's Per Curiam that at the conclusion of the taking of testimony, counsel for defendant was permitted to argue his version of the law, which included the citing and reading of the same decisions he had attempted to read to the prospective jurors. Defendant complains of the privilege allowed the district attorney to read to the jury the statute under which this prosecution was being conducted, intimating a prejudicial discrimination. Under LSA-R.S. 15:333 of the Louisiana Code of Criminal Procedure the district attorney is required to explain the nature of the charge. The language of this article is mandatory and sacramental. Manifestly, there can be no more accurate explanation of the nature of the charge against the accused than the reading of the statute which defines the law of the offense charged.[4] Certainly before the jury retired it was aware of and was given the benefit of the jurisprudence of this state, not only by closing argument of counsel for defense, but also by all the ramifications and refinements of the law governing this procedure contained in the trial judge's charge.
In the case of State v. Brown, 172 La. 121, 133 So. 383, 384, this court held that the examination of the qualifications of jurors and their voir dire was not the proper stage of a trial for the explanation of legal points and theories. We said:
"* * * It is not the duty of the trial judge to go into detail and explain to a prospective juror who is *605 being examined on his voir dire all of the different phases of the law which may be applicable to the case on trial. The time for him to do that is after the testimony is closed, and the case is argued and submitted by the state and the accused. This identical question was before the court in the case of State v. Sinigal, 138 La. 469, 70 So. 478, where it was held, to quote paragraph 3 of the syllabus written by the court:
"`A request on behalf of defendant that the judge charge the juror, who is under examination on his voir dire, as to the law of self-defense, was properly refused; the charge should be made after the case has been tried, and the arguments heard.'"
Furthermore, LSA-R.S. 15:357 of our Code of Criminal Procedure expressly provides:
"The purpose of the examination of jurors is to ascertain the qualifications of the juror in the trial of the case in which he has been tendered, and the examination shall be limited to that purpose."
There is no merit to Bill of Exception No. 4.
Bill of Exception No. 5 was reserved to the trial court's ruling sustaining the State's objection to a question propounded to three witnesses on behalf of defendant as to whether it is customary in the automobile business to buy automobiles with drafts payable two or three days after date. Counsel for the defendant does not discuss this bill of exception in his brief, and there was no oral argument of its merits. We must necessarily conclude that he has abandoned this bill of exception. State v. Hendon, 170 La. 488, 128 So. 286; State v. Weaver, 222 La. 148, 62 So.2d 255.
The motion for a new trial, which was overruled and to which ruling counsel reserved Bill of Exception No. 6, and the motion in arrest of judgment were properly overruled by the trial court, each being a summation of the errors previously complained of and which were disposed of in our considerations and rulings on the other bills.
Accordingly, for the reasons assigned, the conviction and sentence are affirmed.
HAMITER and McCALEB, JJ., concur in the result.
HAWTHORNE, Justice (concurring in part).
I concur in the majority holding on Bills of Exception Nos. 1 and 2. I subscribe to the holding on all other bills.
NOTES
[1] State v. Colly, 39 La.Ann. 841, 2 So. 496, decided in 1887. State v. Antoine, 155 La. 120, 98 So. 861, decided in 1924; State v. Ritchie, 172 La. 942, 136 So. 11, decided in 1931.
[2] Act 107 of 1902.
[3] Note No. 1.
[4] State v. Ducre, 173 La. 438, 137 So. 745; State v. Killgore, 186 La. 233, 172 So. 2; State v. Childers, 196 La. 554, 199 So. 640: State v. Simpson, 216 La. 212, 43 So.2d 585.