183 So.2d 305

**STATE of Louisiana**

v.

**Eddie JACKSON.**

No. 47942.

Feb. 23, 1966.

Lyall G. Shiell, Jr., New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAWTHORNE, Justice.

The defendant Eddie Jackson was convicted as charged for the crime of armed robbery denounced by R.S. 14:64 and was sentenced to 25 years in the penitentiary as a third offender. He has appealed.

Odeal Matthews and Willie Dabney were held up and robbed at gunpoint on a street in New Orleans at 2:00 o'clock in the morning. While the crime was being committed, two special-duty policemen intervened. The two robbers fled, one escaped, and the defendant Eddie Jackson was chased into a deadend alley and there arrested. On his person was found money of the denominations taken from one of the victims and some 22-caliber shells. A 22-caliber pistol fully loaded was discovered in the alley.

During the trial of the case the defendant sought to introduce into evidence two letters written by the victims of the robbery to each other.[1] The State objected to the introduction of these two letters, the objections were sustained, and defendant perfected bills of exception. It is the theory

1. These letters were in the possession of counsel for defendant.

of the defense that the contents of these letters would tend to disprove the identification of the accused as one of the holdup men.

According to the trial judge's per curiam, Odeal Matthews, a State's witness, on cross-examination was handed the letter she had written, read it to herself, and admitted having written it. She was questioned by defense counsel about certain specific statements in the letter, and distinctly admitted having made them. The same procedure was followed on cross-examination of State's witness Willie Dabney, who likewise admitted having written his letter and having made the specific statements in it about which he was questioned. The judge says also in his per curiam that the jury was not deprived of hearing the contents of the letters "because every question asked of them [the witnesses] by defense counsel pertaining to the contents of said letters was permitted and answers given to each and every one".

In this court defense counsel does not assert that the jury was denied knowledge of the statements in the witnesses' letters claimed to be contradictory to and inconsistent with their testimony, but argues that even so the jury was entitled to see and read the letters, and that the judge erred in not admitting them into evidence.

The ruling of the trial judge was correct under our statutory law and the jurisprudence of this court. Article 493 of the Code of Criminal Procedure provides:

"Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible."

■■■■ In the instant case both witnesses distinctly admitted making the statements in the letters. Thus, under the article of the Code, the letters offered in evidence were inadmissible because it is only when the witness does not distinctly admit the making of the statement contradictory to his testimony that evidence of such a statement is admissible.

The case of State v. Goodbier, 48 La. Ann. 770, 19 So. 755, relied on by the State, which was decided long before the adoption of our Code of Criminal Pocedure, gave the rule later embodied in Article 493 of the Code. In that case it was said:

"The second bill is to the exclusion of the testimony of a witness for the defense, offered, as stated in the brief, to contradict the explanation of one of the state's

witnesses for contradictory statements, i. e. of his testimony on the stand. The witness whose statements out of court were proposed to be given in evidence had admitted the contradictions, on his attention having been called to the subject. The rule is that, if the witness admits on the stand the contradictions imputed to him, the defense is under no necessity to sustain the contradictions, and *is not permitted to offer the sustaining proof.* Wharton Crim. Evidence, Sec. 483; Rapalge, Sec. 404. The right of the party to offer proof of contradictory statements of a witness is restricted, and ceases altogether when the contradictions are admitted. \* \* \*" (Italics here and elsewhere are ours.)

In State v. Folden, 135 La. 791, 66 So. 223, where this court again had occasion to consider this rule, it was stated:

"The next bill of exceptions is taken to the ruling of the court in excluding a sworn statement made by the prosecutrix, which went to show that defendant was not guilty of committing the crime of rape upon her.

"It appears from the bill that, while the prosecutrix was on the witness stand, she was asked concerning this affidavit, or sworn statement, and she admitted having made the same. She was fully examined by the district attorney and by counsel for defendant about the contents of this affidavit, and her testimony could not therefore be impeached by producing and filing said affidavit. Having admitted that she made the affidavit, *there was nothing to contradict; there was nothing to impeach in her testimony in connection with the affidavit.*"

The rule that if the witness admits the previous contradictory or inconsistent statement, it is not error for the trial judge to exclude further proof of it is stated in 3 Wharton's Criminal Evidence, 12th ed., sec. 920, p. 344, thus:

"Impeaching testimony can be offered when, *but only when,* the witness denies, directly or qualifiedly, that he made the statement, or when he neither directly admits nor denies the making of such statement, or he states that he does not remember whether or not he made it. It has been held that if he admits the truth of the prior inconsistent statement or affirms the making of the statement, there is no necessity for proving it by other testimony, and such evidence is therefore not admissible."

4 Jones on Evidence, 5th ed., sec. 937, p. 1766, says of this rule:

"If the witness admits having made the impeaching statement, there is no reason for further proof on the subject; and *none should be received.*" See also McCormick on Evidence (1954), sec. 37, p. 67.

The conviction and sentence are affirmed.