DIXON, Justice.
The defendant, a former investigator for the Baton Rouge City Prosecutor, was charged in separate indictments with three violations of R.S. 14:67 (felony theft). In answer to bills of particulars propounded by the defendant, the state alleged that the defendant committed theft by means of fraudulent representations “that he would take care of DWI tickets.” The defendant filed motions to quash the indictments on the grounds that as modified by the answers to the bills of particulars, they failed to charge the crime of felony theft as defined by R.S. 14:67. The trial judge granted the motions. This court granted writs to review that decision.
R.S. 14:67 provides in part:
“Theft is the misappropriation or taking of anything of value which . belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.”
When enacted in 1942 as part of the new criminal code, that statute had the effect of combining the traditional offense of larceny, embezzlement and obtaining by false pretenses. The Comment of the Reporter states that it was intended as a clear and simple statement of the “fundamental notion that it is socially wrong to take the property of another, in any fashion whatsoever.” Reporter’s Comment, R.S. 14:67 at p. 524. In State v. Pete, 206 La. 1078, 1089, 20 So.2d 368, 372 (1964), an early case interpreting R.S. 14:67, this court noted that “the Legislature sought to denounce under the single heading of ‘theft’ all of the crimes that it considered constituted the culpable taking of anything of value belonging to another, whether such taking was without the consent of the owner, commonly known as larceny, or the taking with his consent, as in the case in confidence games, embezzlement, and false pretenses.” This has been said to be the most significant change effected by the enactment of the criminal code, since, under R.S. 14:67, all cases where one person takes or misappropriates the property of another will be theft, regardless of the relationship of the parties or the means employed.[1]
As the Reporter’s Comment indicates, R.S. 14:67 does not merely incorporate the traditional crime of false pretenses. Unlike the common law offense of false pretenses, R.S. 14:67 has been held to encompass misrepresentations as to future facts. State v. Dabbs, 228 La. 960, 84 So.2d 601 (1955). It also, of course, includes fraudulent conduct and practices, as well as representations. These cases are part of the consistent Louisiana jurisprudence which holds that any taking by fraudulent means is punishable as theft.
In State v. Dabbs, supra, this court affirmed the conviction for theft of a defendant who obtained three automobiles by fraudulent representations that he would pay in the future. In State v. Williams, 323 So.2d 801 (La.1975), a similar result was reached. Those cases are indistinguishable in principle from the present one, in which the defendant allegedly obtained money from various persons by fraudulently promising that he would perform a service (that is, take care of tickets) for them.
In ruling on a motion to quash, the trial judge must determine if the facts set out in the indictment and bill of particulars are sufficient to constitute a crime. In the instant case, the allegations that the defendant took money by means of fraudulent representations that he would take care of tickets falls squarely within the provisions of R.S. 14:67.
*133 The defendant asserts, however, that the state has in effect charged him with accepting money to fix a ticket, which would be criminal under R.S. 14:120, dealing with corrupt influencing, rather than theft. That assertion ignores the fact that the defendant is charged not with accepting money with intent to fix the tickets, but rather with obtaining money by fraudulent representations that he would take care of the tickets. Implicit in that charge is in the allegation that the defendant had no intent to carry out his promises. Therefore the defendant is clearly charged with theft, not corrupt influencing. Whether or not the state can support its burden of proof as to the elements of theft is a matter to be determined at trial, not by a motion to quash the indictment.
The judgment of the district court sustaining the motions to quash is reversed, the indictments are reinstated, and the case is remanded to the district court for further proceedings.

. Bennett, Comparison of the Criminal Code with Prior Criminal Law, 5 La.L.Rev. 6, 37-38 (1942).