The opinion of the court was delivered by
Nicholls, C. J.
The appellant was sentenced to hard labor in the penitentiary for the period of seven years, having been convicted of manslaughter under an indictment for murder.
Two bills of exception are in the record and relied apon and urged as grounds of reversal.
The second is to the overruling by the District Court of a motion for a new trial. The first to the action of the court in permitting the district attorney on cross-examination of the accused, when on the stand as a witness in his own behalf, to ask certain questions over defendant’s objections.
*1193 The motion for a new trial was asked upon the grounds:
1. That the verdict of the jury was contrary to the law and the evidence.
2. That there was no proof adduced. on the trial that the crime alleged was committed in the parish of Webster, or that it was committed within twelve months of the finding of the bill of indictment.
3. The discovery since the trial of testimony to prove that the deceased had, a few hours prior to the killing, threatened to kill the accused.
On the trial of this motion the defendant was permitted by the judge to introduce (and have reduced to writing) testimony to establish his allegation that no evidence had been adduced by the State to prove the facts mentioned in his second ground.
On the overruling of this motion a bill of exception was reserved, to which was annexed as part thereof the evidence taken on the trial.
The district judge held that the verdict was sustained by the law and the evidence, and that the testimony claimed to have been newly discovered was merely cumulative; that uncontradicted evidence of the same character had been introduced on the trial, which had caused the verdict to be for manslaughter instead of murder.
The reasons stated by the court justify his rulings. We take occasion to say that it was totally useless to have annexed and brought up the testimony taken for the purpose of establishing that there was no evidence on the trial that the crime was committed in the parish of Webster, or that it had been committed withiu twelve months of the finding of the bill of indictment.
The point at issue was one of fact, with which this court is powerless to deal.
The first bill is as follows:
“On the trial of the cause A. J. Murff, district attorney, offered to prove by the defendant, who had been sworn as a witness for the defence, that he had, immediate’y after the killing, fled the State, and gone to Arkansas and changed his name, and was a fugitive from justice till arrested by the sheriff of Webster parish, whereupon, the defendant objected on the ground that the State had closed its case without intrroducing any evidence of flight. That the defendant as a witness in his own behalf had testified to nothing on this point, nor any of his witnesses; that no answer to the question could pos *1194 sibly be in rebuttal of anything proved by the defendant in his direct examination, and it was new matter and an effort on the part of the State to cross-examine the witness on matter not stated in his direct examination.”. ,
“The objection was overruled by the court,” as it was the question on cross-examination of the accused on direct examination ■on the witnese stand, and as he stated he had only gone a “little way up the road after he shot deceased,” indicating that he had not fled, and that there was no objection stated at the time to the question as to changing his name.
“The counsel for the defendant thereupon reserved this bill of exception to the ruling of the court, which bill, upon being submitted to opposite counsel and found correct, was duly granted and signed in open court.”
In State vs. Underwood, we held that an accused in a criminal cause who avails himself under Act No. 29 of 1886 of the privilege of testifying is subjected to cross-examination by the State, but that this examination extends only to matters concerning which the witness has given testimony. “That the same statute which withdrew from him disqualification as a witness and subjected him to cross-examination expressly placed, a limit to this examination which the State is not permitted to transcend.” The object and purpose of this limitation was to guard and secure defendant’s constitutional right of not being forced to give evidence against himself.
Taking the bill in the record as a whole, looking at all its recitals, we are of the opinion that the question propounded to the witness by the district attorney, viewed from the standpoint of simple rebuttal testimony or cross-examination, should not have been permitted to be asked. We do not think a simple statement from the accused that after the killing he walked a short distance up the road justified the State in attempting, through the testimony of the accused, to establish that he had immediately after the killing fled from the State and was a fugitive from justice until arrested by the sheriff in Arkansas and brought back.
The cross-examination was sought to be made to take a much wider range than the statement of the accused warranted. We think that the court, in a matter so closely connected with defendant’s constitutional rights, should confine the State to cross-examination *1195 •upon the matters testified to and not allow it to extend to inquiries to things touching which the district attorney only from what he might deem “indications” should inferentially conclude the accused intended, by pure implication, to te stify. In the case at bar we neither think the accused intended to convey to the jury from what he said that he had not fled (for up to the time he made the statement he does not appear to have been charged with having done so), nor do we think that the jury could or would have connected that statement one way or the other with a question of flight. We are •of the opinion that for the purposes of cross-examination in rebuttal •the question was improper.
The district attorney claims, however, that, admitting this to be rtrue, the State was authorized on cross-examination to attack or Impeach the credibility of the witness and that the question of flight might relevantly and legitimately be considered for that purpose. In propounding the question the district attorney did not announce that it was aske'd for the purpose indicated, nor did he offer to limit its effect. The offer was made generally. The conclusions we have reached upon the bill of exceptions reserved make it unnecessary for us to pass upon the question. We think it proper to say that on cross-examination of an accused upon matters not legitimately to be asked in rebuttal, but which it is claimed might properly be asked by way of impeachment or attack upon the credibility •of the witness, the district attorney should announce the object and purposes of his questions and offer to restrict the effect of the testimony. The accused, the court below and this court would be en.abled in that way to deal with certainty upon the legal questions involved.
An examination of the bill of exceptions which was reserved has brought us to the conclusion that we can afford the appellant no ■relief under it. The bill states that the district attorney was permitted over the objections of the accused to ask him a certain question, but it goes no further. Whether the question was asked or not; whether, if asked, the accused refused to answer it or not; what he answered, if he did answer it, are not stated. It may well be that the accused answered the question saying he had never been a .fugitive from justice, and may have so stated perfectly consistently with the truth. In other words, even though the question may ■improperly have been permitted to be asked, the permission to ask *1196 may have resulted in no injury. Not only error, but injury must be alleged and shown to justify the reversal of a judgment.
Appellant has alleged error, but has not alleged or shown injury. Eor the reasons assigned it is hereby ordered that the judgment appealed from be and the same is hereby affirmed.