(56 South. 884.)

Nos. 19,126, 19,127.

STATE v. LONG et al.

In re STATE.

(Dec. 11, 1911.)

*(Syllabus by Editorial Staff.)*

1. INDICTMENT AND INFORMATION (§ 121*)—
DUPLICITY—ESCAPE.

An information, charging that defendant officer failed continuously from April 21st to June 23d to keep certain prisoners in custody, was not rendered bad for duplicity by filing of a bill of particulars, stating that the district attorney was unable to furnish specific dates upon which escapes were permitted, but that they were permitted on various dates between the days charged in the information; the bill of particulars not being an amendment to the information, which charged a single offense.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 121.*]

2. COURTS (§ 207*)—APPELLATE COURTS—SUPERVISORY POWERS.

In exercising its supervisory powers, the Supreme Court is not restricted by the provisions of the Code of Practice in the exercise of its supervisory powers by writs of mandamus, certiorari, and prohibition.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 207.*]

Application by the State for certiorari and prohibition in a prosecution against M. J. Long and another. Judgment quashing information reversed, and case reinstated.

St. Clair Adams, Dist. Atty., and Warren Doyle and A. D. Henriques, Jr., Asst. Dist. Attys., for the State. Adams & Generelly, for respondents.

PROVOSTY, J. [1] The district attorney of the parish of Orleans filed an information in the court of the respondent judge against the sheriff of the parish of Orleans and his deputy, in which he charged that certain commissioners of election of the parish of Orleans had been prosecuted and convicted of election frauds and been sentenced to imprisonment in the parish jail for a period of eight months beginning on April 21, 1911, and that the said sheriff and deputy had failed continuously from the said date to the 23d day of June, 1911, to keep said prisoners in jail, but had allowed them to go out of prison and of custody, and had thereby failed, refused, and neglected to carry out the sentence against the said prisoners.

The two accused filed a motion asking that the district attorney be required to furnish a bill of particulars setting forth "the specific and separate dates" on which it was intended to charge that the prisoners were allowed to leave prison and custody; and, in response to that request, the district attorney filed the following:

"That the district attorney is unable to furnish the specific date or dates upon which the said M. J. Long and said Richard Meredith, or both of them, did willfully and unlawfully fail, refuse, and neglect to keep the said J. G. Yaeger, Thomas Cook, Joseph F. Glorious, Walter W. Ryan, William McCrawley, Thomas Heinbach, and John F. Carlin confined in execution of said warrants and mittimuses. But the said offenses were committed by the said M. J. Long and the said Richard Meredith between April 21, 1911, and August 21, 1911. And, further, that the said offenses were continuous offenses between the dates above specified, and were evidenced by specific absences of said prisoners, and specific failures and neglects, on various dates, upon the part of said M. J. Long and said Richard Meredith to keep the said prisoners confined; and the district attorney is unable to furnish specific dates of the specific absences, failures, and neglects."

Thereupon the accused filed a motion to quash the information, as being fatally defective for duplicity, and the court sustained the motion and discharged the accused. The district attorney then made the present application to this court for the writs of certiorari, mandamus, and prohibition.

In answer to the rule nisi the learned respondent judge says that his reason for sustaining the motion was that the bill of particulars had to be read into the information, and that the information as thus amended charged in each count several distinct and separate offenses, and was therefore bad for duplicity.

We agree with our learned brother that

each separate occasion on which the prisoners were let out of custody was a distinct, separate breach of duty and offense on the part of the sheriff, or, in other words, that these several occasions did not constitute one continuous offense, as if the prisoners had not returned to confinement and been again allowed to go out. But we do not agree with him that the bill of particulars has had the effect of amending the information. If the two persons informed against were convicted, they could be sentenced only on the information itself, in its original state, and for one offense. Conceding, for argument, that the bill of particulars in this case does set forth several distinct and separate offenses, the accused are not being prosecuted on it, but exclusively on the information. The province of a bill of particulars is not to charge new offenses, or to enlarge the indictment or information, but merely to inform the accused more specifically of the facts upon which the prosecution is based.

"A specification cannot enlarge, alter, or amend a declaration." Ency. of Pl. and Prac. vol. 3, p. 519.

While, therefore, in this case, the bill of particulars may be unsatisfactory in not informing the accused of what particular date is intended to be relied upon by the prosecution, the effect of this imperfection of the bill of particulars is not to vitiate the information.

[2] A great deal is said in the brief submitted by the attorneys of the accused touching the circumstances under which the writs of mandamus, certiorari, and prohibition may or may not issue; but all this is not the purpose, since the learned trial judge has not suggested technical objections of that kind in his return, but has simply submitted the merits of the matter for decision. We will add, however, that in the exercise of its supervisory powers this court is not tied down by the provisions of the Code of Practice on the subject of the said writs. The question always is whether the particular case is one calling for the exercise of the said powers.

It is therefore ordered, adjudged, and decreed that the judgment of the trial court quashing the information in this case be set aside, and that the case be and the same is hereby reinstated upon the docket of the trial court, to be proceeded with according to law.