(59 South. 34.)

No. 19,434.

STATE v. HEWITT.

(June 4, 1912. Rehearing Denied June 29, 1912.)

*(Syllabus by Editorial Staff.)*

1. INDICTMENT AND INFORMATION (§ 121*)—
BILL OF PARTICULARS—AMENDMENT.

A bill of particulars does not become a part of the indictment so as to amend it.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 316–320; Dec. Dig. § 121.*]

2. INDICTMENT AND INFORMATION (§ 159*)—
AMENDMENT OF INDICTMENT.

The district attorney, though he may amend an information, has no power to amend an indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 505–514; Dec. Dig. § 159.*]

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

A. L. Hewitt was convicted of selling liquor without a license, and appeals. Affirmed.

Allan Sholars, for appellant. Walter Guion, Atty. Gen., and C. J. Ellis, Dist. Atty. (G. A. Gondran, of counsel), for the State.

PROVOSTY, J. An indictment in the usual form was found against the accused for selling liquors without a license. He called for a bill of particulars, and the district attorney, in answer to his call, filed a statement in which he declared that he was unable to name any person to whom the accused had sold intoxicating liquors, but that he expected to prove that an internal revenue license for the sale of liquors had been issued to the accused for the year 1911, and that in that year, subsequent to the issuance of said license, large quantities of liquors had been received by the accused at his store. The accused then filed a motion to quash the indictment, on the ground that, "as amended, amplified, and extended by the bill of particulars, it charges no crime." This motion was overruled, and the accused tried and convicted. He applied for a new trial, and same was refused. Both the motion to quash and the motion for new trial were founded upon the inability of the prosecution either to allege or prove that there had actually been a sale of liquors. The reason for overruling the motions was that by Act No. 40, p. 40, of 1908, the issuance of an internal revenue license for the sale of

liquors ·is made prima facie evidence of liquors having been sold by the person to whom the license has issued. And on both motions the contention of the accused was that said statute, properly understood, does not dispense with proof of liquors having been sold—that is to say, of an offense having been committed—but merely dispenses with proof of the indentity of the person who sold the liquors, or to whom the liquors were sold; so that the commission of an offense, or, so to speak, the corpus delicti, having been established, the guilt is fixed prima facie upon the person to whom the license was issued.

The learned counsel for accused frankly states in this court that the sole object of this appeal is to obtain a review by this court of the ruling of the trial judge on that point. We are therefore dispensed from considering the other points reserved in the course of the trial, all of which, however, we may say, in general terms, have not appeared to us to have any merit.

[1, 2] The learned counsel for the accused frankly admits that the indictment, until "amended, amplified, and extended by the bill of particulars," did set forth the crime of selling liquors without a license; but he contends that, taken in conjunction with the bill of particulars, it no longer does so. This contention assumes that the bill of particulars becomes a part of the indictment and amends it; but such is not the case, as this court had occasion to hold in the recent case of State v. Long, 129 La. 777, 56 South. 884, a case, by the way, in which the prosecution was by information, which the district attorney has power to amend, whereas in the present case the prosecution is by indictment, which the district attorney has no power to amend. The motion to quash was therefore properly overruled.

On the motion for a new trial, the question presented was as to the sufficiency of the evidence to sustain the allegations of the indictment—a question of fact, over which this court has no jurisdiction.

Judgment affirmed.