(65 South. 743)

No. 20572.

STATE v. SWEENEY.

(May 25, 1914.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1167*)—HARMLESS ERROR—RULINGS ON INDICTMENT.

A defendant will not be heard to complain of a ruling of the trial judge which does not affect him injuriously.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3101, 3103–3106; Dec. Dig. § 1167.*]

2. CRIMINAL LAW (§ 1166½*) — HARMLESS ERROR—CHALLENGE OF JUROR.

Where an objection to a juror by a defendant is overruled, and the defendant peremptorily challenges said juror, the ruling of the court will not be reviewed, where it is not shown that defendant has exhausted his peremptory challenges, and that he has not been injured by said ruling.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3114–3123; Dec. Dig. § 1166½.*]

3. INDICTMENT AND INFORMATION (§ 160*)—RIGHT TO AMEND.

The court may order the amendment of an indictment according to the proof, where there is a variance between it and the state-

ment made in the indictment "in the name or description of any person, body politic or corporate, therein stated or alleged to be the owner of any property, real or personal, which shall form the subject of any offense charged therein; * * * or in the Christian name or surname, or both Christian name and surname, or other description whatsoever, of any person whomsoever therein named or described; * * * or in the ownership of any property named or described therein"—if the court "shall consider such variance not material to the merits of the case, and that the .defendant cannot be prejudiced thereby in his defense." Rev. St. § 1047.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 515; Dec. Dig. § 160.*]

4. CONSTITUTIONAL LAW (§ 265*) — INDICTMENT AND INFORMATION. (§§ 2, 159*) — DUE PROCESS—AMENDMENT OF INDICTMENT.

It is not a material change in an indictment charging burglary to amend it so as to read "the storehouse of E. N. Lewis, known as the Collins Hardware Company," instead of "the storehouse of the Collins Hardware Company, Limited."

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 755; Dec. Dig. § 265;* Indictment and Information, Cent. Dig. §§ 4–8, 505–514; Dec. Dig. §§ 2, 159.*]

5. CRIMINAL LAW (§ 627*) — SERVICE OF AMENDED INDICTMENT.

Such amended bill of indictment is not required to be served upon the accused before trial. R. S. §§ 992, 1047.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1399–1408, 1412, 1434; · Dec. Dig. § 627.*]

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Winston Overton, Judge.

Ernest Sweeney was convicted and sentenced for burglary, and appeals. Affirmed.

Kay & Jackson, of De Ridder, for appellant. R. G. Pleasant, Atty. Gen., T. A. Edwards, Dist. Atty., of Lake Charles, and G. A. Gondran, of New Orleans, for the State.

SOMMERVILLE, J. Defendant was charged with burglary and larceny in two counts in an indictment against him and another. There was a severance, and he was found guilty on both counts; but the district attorney, with consent of the court, nolle prosequied the charge of larceny; and the court sentenced defendant on the verdict of burglary alone.

[1] The first and third bills of exceptions reserved to the rulings of the court have reference only to the second count in the indictment, charging larceny; and as that charge was subsequently nolle prosequied with leave of the court, before sentence was pronounced, consideration of these bills of exceptions passes out of the case.

[2] The second bill of exceptions was taken to a nolle prosequi entered in the case of a juror, who had been charged with assault and battery, after examination on his voir dire. Defendant objected to the action of the district attorney, which objection was overruled. The record shows that the juror did not sit on the case; that defendant challenged him peremptorily; and it also shows that defendant had not exhausted his challenges on the trial. No injury, therefore, resulted from the ruling of the court, even if it were erroneous; and defendant cannot be heard to complain.

[4] The fourth bill of exceptions was taken to an amendment of the indictment during the trial so as to read "the storehouse of E. N. Lewis, known as the Collins Hardware Company, a ·corporation of said parish and state," etc., instead of "the storehouse of the Collins Hardware Company, Limited, a corporation of said parish and state," as charged originally in the indictment.

Defendant argues that an indictment, being a presentment of a grand jury, under oath, cannot be amended by order of the court; that to permit the amendment on the trial would tend to deprive the defendant of his liberty, without due process of law; that it would have the effect of compelling defendant to plead and defend his case without the benefit and advantage of his constitutional right to be informed of the nature and cause of the accusation brought against him; and that it would defeat defendant's right to have

a true copy of the indictment served upon him two full days before being compelled to make his defense.

It appears from the bills of exceptions that the evidence showed that E. N. Lewis was the true owner and the one in actual possession of the storehouse which had been burglariously entered, and that the storehouse was known as the Collins Hardware Company; and the state was permitted to amend so as to show that the property was "the property of E. N. Lewis, known as the Collins Hardware Company."

[3] Article 1047, R. S., provides: That it shall be lawful for the court, before which the trial shall be had, to order the amendment of an indictment according to the proof, where there is a variance between it and the statement made in the indictment "in the name or description of any person, body politic or corporate, therein stated or alleged to be the owner of any property, real or personal, which shall form the subject of any offense charged therein; * * * or in the Christian name or surname, or both Christian name and surname, or other description whatsoever, of any person whomsoever therein named or described; * * * or in the ownership of any property named or described therein"—if the court "shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense."

The amendment in question was fully authorized by the section of the Revised Statutes above quoted from, and by the opinions of this court in State v. Satterwhite, 52 La. Ann. 499, 26 South. 1006, and State v. Johnson, 116 La. 30, 40 South. 521, and by the authorities cited in those cases.

The amendment did not change the storehouse burglarized, but only the name of the owner and possessor, and in such a way as to scarcely make a change in the description of the person; such an amendment does not deprive a person of his liberty without due process of law, or deprive him of the right of being advised of the nature of the crime charged against him.

Defendant was fully informed of the nature and cause of the accusation against him. He was charged with burglary at the time and place fixed in the indictment, and the storehouse which he was charged with having feloniously entered was described as "the storehouse of the Collins Hardware Company, Limited"; and when the evidence showed that it was the storehouse of E. N. Lewis, but known as the Collins Hardware Company, the variance in the description of the place entered could not have been held to be material to the merits of the case. There could have been no uncertainty as to the particular storehouse defendant was charged with having feloniously entered, for it was known as the Collins Hardware Company, although it actually belonged to E. N. Lewis. The amendment did not attempt to change the ownership of the property. The Collins Hardware Company was not the owner of the storehouse; it belonged to Mr. Lewis; and Mr. Lewis was shown to have been doing business in the name of that company at the time of the burglary. The identity of Lewis and the corporation appears to have been certain. The amendment did not really change the name of the person whose storehouse was said to have been entered feloniously by defendant.

[5] The amendment which was allowed not being to a material part of the indictment, and only as to a description in the name of the owner of the storehouse alleged to have been entered by defendant, it was unnecessary that the indictment should have been served upon the defendant before trial, as is provided shall be done in section 992, R. S. Section 1047, R. S., contemplates that the trial shall be without delay, and that there shall be no service of a copy of the bill as amended.

Judgment affirmed.