MONROE, C. J.
Defendants were charged with unlawfully maintaining, conducting, and operating—
“a public nuisance, commonly known as a ‘blind tiger,’ * * * being a store operated by J. J. Whitbeck and Tom Harris, where near-beer is kept for sale, and at which place the said J. J. Whitbeck and Tom Harris, unlawfully, did have and keep intoxicating liquors for the purpose of sale, barter, exchange, or giving away, as a beverage; said intoxicating liquors being as follows^ to wit; One cask of Pabst beer, on ice — contrary to the ordinances of the police jury of the parish of Caddo,” etc.
And, having been convicted, were sentenced, each, to pay a fine of $100, and, in default of payment, to work out the fine on the public roads of the parish, at the rate of $1 per day, each, and to serve 30 days' in jail, “subject to work on the public roads.” They have each appealed.
On the Motion to Dismiss the Appeal.
The state moves to dismiss the appeal, on the grounds: (1) That the offense charged *897 is not punishable with death or hard labor, and that no fine exceeding $300 and no imprisonment exceeding six months has actually been imposed; (2) that the ordinance which defendants attack has not been declared unconstitutional ; (3) that all other matters concerning which defendants seek to have the judgment appealed from reviewed are questions of fact.
Defendants, however, by demurrer and motion to quash, attacked the ordinance under which they have been convicted and sentenced, on the grounds that it describes no offense known to the law, and that it is unconstitutional, illegal, and ultra vires of the police jury, from which it follows that there is in contestation the constitutionality and legality of a fine and penalty imposed by a police jury, and the remaining question is whether the case falls within the meaning of so much of article 85 of the Constitution as confers upon this court appellate jurisdiction, in “all cases in which * * * any fine, forfeiture, or penalty, imposed by a municipal corporation, shall be in contestation, whatever may be the amount thereof.” That question has been fully considered, and this day decided in the affirmative, in the case of State of Louisiana v. Emmet Hagen, 67 South. 935[1] (No. 20,860 of the docket), and for the reasons there assigned, the motion to dismiss the appeal in this case is overruled.

Ante, p. 868.