(78 South. 661)

No. 23012.

STATE v. GRIMMS.

(April 29, 1918.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION ⬤⟞159(4)— CHANGE BY TRIAL JUDGE—DESIGNATION OF PARTIES.

Under authority of section 1047 of the Revised Statutes, permitting the amendment of an indictment to correspond with the evidence heard during a criminal trial, the trial judge may, on motion of the district attorney, order a change made in the name in the indictment of both the victim and the person accused of murder, and may order that the trial proceed as if no amendment had been made, if the judge finds that the change is not material to the merits of the case and could not prejudice the defendant; provided, of course, no change shall be made as to the identity of either the person accused or the victim of the crime.

2. CRIMINAL LAW ⬤⟞720(9) — TRIAL—ARGUMENT.

When the defendant on trial for murder has testified that he fired two shots, killing two men, it is permissible for the district attorney to argue to the jury that the killing of the two men was evidence of malice on the part of the defendant on trial for the murder of one of them.

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Eddie Grimms was convicted of murder, and he appeals. Verdict and sentence affirmed.

W. H. Todd, of Bastrop, for appellant. A. V. Coco, Atty. Gen., and C. J. Ellis, Jr., Dist. Atty., of Rayville (Vernon A. Coco, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendant appeals from a verdict convicting him of murder, without capital punishment, and from a sentence of imprisonment for life.

Three bills of exception were taken to the rulings of the court allowing the district attorney to amend the bill of indictment, after the jury was impaneled and the taking of testimony was begun. Two amendments were allowed; the first being to change the name of the person accused from that of Eddie Graham to that of Eddie Grimms, and the second being to change the name of the alleged victim from that of Jake Graham to that of Jacob Grimms. When the second amendment was made, the defendant objected to proceeding with the trial because he had not been served with a copy of the amended indictment. His objection was overruled and the fourth bill of exceptions was reserved to the ruling.

[1] The four bills pertaining to the amendment of the indictment may be considered together. All of the objections are disposed of by section 1047 of the Revised Statutes, which provides that, whenever, during a trial on an indictment for any crime, there appears a variance between the indictment and the evidence, with regard to the Christian name or surname, or with regard to both the Christian name and surname, or other description, of any person named or described in the indictment, the trial judge may, if he considers that the variance is not material to the merits of the case and that the defendant cannot be prejudiced by the change, order the indictment amended to correspond with the proof, and that, after any such amendment, the trial shall, if the court so orders, proceed as if no such variance had occurred nor amendment been made.

The defendant did not, and does not now,

dispute that he is the individual referred to in the indictment as Eddie Graham, or that his name is Eddie Grimms. It is not contended that any change was made with reference to the identity of either the person accused or the victim of the homicide. In that respect the case differs from that of State v. Morgan, 35 La. Ann. 1139, and others in which it was held that an indictment should not be changed with regard to the identity of a person named therein.

The expression in State v. Hewitt, 131 La. 117, 59 South. 35, that the district attorney has authority to amend only bills of information, not bills of indictment, was unnecessary to the decision, and, being contrary to the statute on the subject, must be regarded as an inadvertent expression. A decision directly in point is that of State v. Matthews, 111 La. 963, 36 South. 49, where the ruling in State v. Morgan, and others of the same import, were held not applicable to an amendment as to the name only—not the identity—of a person referred to in an indictment.

[2] The fifth bill of exceptions was reserved to the statement of the district attorney, in his argument to the jury, that the accused had fired two shots, killing two men. The defendant's objection to the remark was that there was no evidence of the killing of another than the man mentioned in the indictment.

The statement per curiam shows that the defendant stated in his testimony before the jury that he had shot twice, killing two men. It appears also that other witnesses testified that the defendant fired several shots in the double homicide. The district judge ruled that the reference to the firing of more than one shot and the killing of two men was a reasonable and proper argument to show malice on the part of the party accused of the murder of one of the men. We agree with his honor that the argument was only fair to the state and did no injustice to the defendant.

The remaining two bills of exception were reserved to the overruling of motions in arrest of judgment and for new trial, respectively, which merely renewed the complaints theretofore made. We have found no error in the rulings or proceedings complained of.

The verdict and sentence appealed from are affirmed.