(113 So. 805)

No. 28556.

## STATE v. HOLLINGSWORTH.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. Indictment and information ⊂⇒161(1)—District attorney may amend informations and affidavits which he has made.

Rule that district attorney cannot amend indictment does not apply to informations and affidavits made and sworn to by him.

2. Intoxicating liquors ⊂⇒198—Affidavit and bill of particulars, charging possession for sale of specified quantity of cake flavoring containing alcohol, held sufficient as against motion to quash.

Affidavit charging defendant with having in his possession intoxicating liquor for beverage purposes, taken with bill of particulars charging kind of liquor as cake flavoring containing alcohol and stating quantity, *held* sufficient as against motion to quash.

3. Criminal law ⊂⇒1169(2)—Admitting evidence of empty bottles in liquor prosecution, if error, held not prejudicial, where conviction was based on evidence of similar bottles containing liquor.

In prosecution for possessing intoxicating liquor for sale for beverage purposes, overruling objection to introduction in evidence of empty bottles, if error, *held* not prejudicial, where verdict was based upon evidence of similar bottles actually containing liquor.

4. Criminal law ⊂⇒1162—Conviction will not be reversed for nonprejudicial errors.

Not only error of trial court must be shown, but that defendant was injured, in order to justify reversal of verdict of guilty.

5. Criminal law ⊂⇒913(1)—Failure of defendant to testify held waiver of privilege preventing new trial for testimony as to matters peculiarly within his knowledge.

In prosecution for possessing intoxicating liquor for sale, defendant who failed to testify at trial as to matters peculiarly within his knowledge at that time *held* not entitled to new trial to avail himself of privilege, as privilege of testifying as to such matters was waived.

6. Criminal law ⊂⇒935(1)—Proof tending to show guilt and convincing trial judge of guilt beyond reasonable doubt warrants denial of new trial.

New trial is properly denied, where proof not only tends to show defendant's guilt, but convinces trial judge of fact of guilt beyond reasonable doubt.

7. Criminal law ⊂⇒1111(3)—Trial judge's statement of facts occurring at trial, undisputed by record, is accepted as correct.

In absence of showing in record to contrary, trial judge's statement of facts which occurred at trial must be accepted as correct.

8. Criminal law ⬥⟹1111(3)—Defendant who failed to require clerk to take down facts upon reservation of bill of exception could not complain that testimony taken down by judge was incomplete (Act No. 113 of 1896).

Defendant who, on reserving bill of exception, failed to avail himself of Act No. 113 of 1896, requiring clerk to take down facts upon which bills of exception are reserved or to invoke supervisory power of Supreme Court to enforce act, *held* not entitled to complain that testimony and objections taken down by judge were incomplete.

Appeal from City Court of Alexandria Ward; J. B. Nachman, Judge.

Henry Hollingsworth was convicted of unlawfully possessing intoxicating liquor for sale for beverage purposes and he appeals. Affirmed.

T. A. Carter, of Alexandria, for appellant.

Percy Saint, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

BRUNOT, J. The appellant was charged with the unlawful possession of intoxicating liquor for sale for beverage purposes. He was prosecuted upon the affidavit of the district attorney, and was convicted and sentenced to a term of 60 days in the parish jail and to pay a fine of $400.

There are four bills of exception in the record.

### Bill No. 1.

This bill was reserved to the overruling of a motion to quash the affidavit. The offense is charged in the following language:

"Before me, the undersigned authority, personally came and appeared Cleveland Dear, district attorney, who, being duly sworn, deposes and says that Henry Hollingsworth, late of the parish of Rapides, on or about the 29th day of January, 1927, within the limits of Alexandria ward in the parish and state aforesaid, with force and arms, willfully, maliciously, and feloniously did have in his possession intoxicating liquor for sale for beverage purposes, and your district attorney aforesaid gives your

honorable court to know that this is a second offense of the accused; he was convicted in this court for having intoxicating liquor in his possession for sale for beverage purposes, contrary to the statutes of the state of Louisiana and against the peace and dignity of the state, and prays that he be arrested and dealt with according to law."

Before pleading to the affidavit the defendant moved for a bill of particulars and prayed to be informed as to the kind and quantity of liquor he is charged with possessing and the particular place where the offense charged was committed. The district attorney answered the motion as follows:

"The kind of liquor was an alcoholic compound, known as cake flavoring, containing a high percentage of alcohol, being 50 per cent. or more of alcohol by volume, fit for use and used for intoxicating beverage purposes.

"The quantity actually obtained and seized by the officer was 22 bottles of said liquor."

The motion to quash alleges that the affidavit and bill of particulars, taken together, do not charge the commission of any crime, for the possession of cake flavoring is not a violation of any law of the state.

The judge's reason for overruling the motion to quash is that the affidavit, taken in connection with the bill of particulars, properly sets forth the charge under the laws of the state.

[1] In one of the briefs filed in this case the power of the district attorney to amend the affidavit is questioned. Under the jurisprudence of this state the district attorney cannot amend an indictment, which is a presentment by the grand jury, but this rule does not apply to informations, which are filed by the district attorney, and a fortiori, to affidavits made and sworn to by that officer. State v. Hewitt, 131 La. 115, 59 So. 34; State v. Long, 129 La. 777, 56 So. 884.

[2] We think the court's reasons are sound and that the motion to quash was properly overruled. Counsel for appellant also thinks so, for, on page 4 of his brief, he says:

"I do not lay any stress on bill of exceptions No. 1, because I frankly believe that the bill of particulars, taken together with the indictment, does set forth an offense."

### Bill No. 2.

[3] This bill was reserved to the overruling of an objection to an officer testifying that he found empty bottles in the rooms of the rooming house conducted by the defendant. The judge says:

"The objection was overruled for the reason that the empty bottles inquired about were the same kind as were produced in court, which bottles were filled with liquor and formed the basis of the prosecution. * * * However, if the introduction was irregular, it could not have prejudiced the accused for the reason that the court based its verdict upon the actual liquor that was introduced in evidence, together with the surrounding circumstances."

The record, and especially the allegations of the motion for a new trial, disclose that proof of the finding of the empty bottles was admissible to rebut defendant's contention that the extracts were possessed and used for the purpose of making cakes and that they were securely kept out of the reach of other persons.

In State v. Creel, 152 La. 888, 94 So. 433, the defense was that the liquor was possessed for medicinal purposes. In that case the court said:

"The trial judge advises us that the officers found, in defendant's smokehouse, 6 or 8 half gallon new fruit jars, one of which was about half full of white corn whisky, and that they testified that the others had the smell of whisky. The judge further advises us that defendant testified that he obtained a gallon of white corn whisky from a negro, who had since been killed, to be used by his father as medicine for rheumatism, and, we gather from the record, that defendant's position was that he had obtained the whisky for that purpose on the advice of a physician. The evidence as to the barrel and charcoal, when considered in connection with the finding of the new fruit jars, one of which contained whisky, and the others the odor of whisky, had a tendency to disprove the statement of the defendant, in relation to the acquisition of the whisky, and it was for that reason that the trial court admitted it. The ruling was correct."

[4] Whether or not the judge erred in overruling defendant's objection and admitting the testimony offered is not material, because he informs us that he based his verdict upon other and more satisfactory proof, and therefore the ruling could not have prejudiced the defense. It is the jurisprudence of this state that not only error but injury must be shown to justify the reversal of a verdict. State v. Kennon, 45 La. Ann. 1192, 14 So. 187; State v. Mansfield, 52 La. Ann. 1355, 27 So. 887; State v. Miller, 125 La. 254, 51 So. 189; State v. Britton, 131 La. 877, 60 So. 379; State v. Sweeney, 135 La. 566, 65 So. 743.

### Bill No. 3.

This bill was reserved to the overruling of a motion for a new trial. The motion is based upon seven grounds. The first is that the verdict is contrary to the law and the evidence. The second, fourth, and fifth are that no proof was offered to show that the offense was committed in Alexandria ward, or that defendant sold any of the extract or that he was a second offender. The third is that the mere possession of the extract is not a crime. And the sixth and seventh relate to the manner in which defendant kept the extract and his proposal to prove, if given a new trial, that he had purchased only 36 bottles of the extract during the three months preceding his trial and conviction.

From the per curiam of the trial judge we quote, in the order in which the bills are numbered, the following:

"The evidence did establish specifically that the offense occurred within ward 1, Rapides parish, La. The only evidence produced on the trial of this case was that of the state, which consisted of the testimony of three police officers of the city of Alexandria, and their evidence convinced the court beyond a reasonable doubt that the accused was guilty of having in his possession intoxicating liquor for sale for beverage purposes. There was no evidence as to the second offense introduced by

the state; as a matter of fact, the city judge is his own clerk and had in his possession the original charges and record which showed that the accused had been previously convicted for a similar charge, and it was within the knowledge of the court that the accused had been previously convicted of a similar charge, but the court did not find him guilty on the second offense, not being certain that the court could take judicial cognizance of the previous conviction."

[5] With reference to the other allegations of the motion, they relate to matters which were peculiarly within the knowledge of the defendant, at the time of his trial, and they could have then been offered by him, for what they might have been worth as defenses, had he seen fit to avail himself of that privilege. Having taken his chances upon a verdict without offering any testimony whatever in his behalf, he cannot now complain. New trials are not granted merely to enable an accused to avail himself of a privilege that he, with knowledge, had voluntarily waived.

[6] Ward 1 of Rapides parish is the Alexandria ward, and, as the record shows that there was not only proof tending to show the guilt of the accused, but proof which convinced the trial judge of that fact beyond a reasonable doubt, the motion for a new trial was properly overruled.

### Bill No. 4.

This bill was reserved to the overruling of an assignment of errors, and it is the bill upon which counsel for appellant chiefly relies for a reversal of the verdict. The errors complained of might have been more definitely stated. The language used in the assignment of errors is as follows:

"That under the law he (defendant) is entitled to a full and accurate statement of all that transpired in the trial of this case, where timely objections were made to such questions and such testimony as were objected to by counsel for the defense. That notwithstanding this fact, and notwithstanding the fact that counsel for defendant requested the court to have said testimony and objections taken down in writing, that the said court stated that it would take down said objections and said testimony. That the

judge of the city court has no stenographer and had to take said proceedings and said testimony, down for himself, and that he took it down as best he could under the circumstances and conditions, but there are a lot of objections, as well as questions objected to, that are left out of said record, as shown by copy of said record which is hereto attached and made a part hereof."

Neither the assignment of errors nor any testimony referred to in it is made a part of the bill of exceptions, either by reference or otherwise. The per curiam of the trial judge definitely disposes of the bill. The judge says:

"Counsel for the accused appeared in the trial of the case and requested that all of the testimony be taken down in advance of any witnesses being sworn. The court refused that request, stating that he would write down the evidence of any witness to which he might object and that the counsel would be given the evidence taken in writing, that was objectionable to him.

"When the trial began the counsel adopted the attitude of an obstructionist and objected to every question propounded by the district attorney on the ground that it was irrelevant and immaterial. The counsel sought by this method to get before the Supreme Court the entire record for it was quite evident to the court that the objections were frivolous and made solely for the purpose of obstructing the trial of the accused. The court upon each objection took down the testimony in substance and preserved it for the counsel for the defense in order that each objection and the evidence taken down could be made the basis of a formal bill of exceptions. However, the counsel for defense has filed no bill of exception to any particular question, answer or series of questions and answers in the case. No bill having been reserved and incorporated into a formal bill of exception, the court does not deem it necessary to annex to this bill the evidence so taken as the bill does not specifically mention any testimony introduced upon the trial of this case."

[7, 8] In the absence of some showing in the record to the contrary, the trial judge's statement of facts must be accepted as correct. Counsel for defendant had an opportunity during the trial to avail himself of the provisions of Act 113 of 1896, or to invoke the

supervisory power of this court to enforce the provisions of that act. He failed to do either, and if in so doing he placed himself in a situation which makes it impossible for him to intelligently have prepared his bills of exception, he is the victim of his own laches and this court is powerless to help him.

For these reasons the verdict and sentence appealed from are affirmed.