190 So. 621

**STATE v. BONNER.**

No. 35355.

June 26, 1939.

Rehearing Denied July 14, 1939.

McBride & Goff, of Ruston, for relator.

David M. Ellison, Atty. Gen., James O'Connor, Asst. Atty. Gen., and T. L. Scarborough, Dist. Atty., of Ruston, for the State.

PONDER, Justice.

The defendant, John Bonner, was tried and convicted in the City Court of Ruston, Louisiana, for selling spirituous and alcoholic liquors containing more than one and one-half per centum of alcohol by volume, contrary to Ordinance No. 188 of Lincoln Parish Police Jury, and sentenced to pay a fine of $100 and cost and to serve 60 days in jail, and in default of payment of fine and cost to serve 60 days additional in jail. The defendant appealed to the Third District Court and on trial of the appeal the conviction and sentence were affirmed. Thereupon the defendant applied to this court for the writs of certiorari, prohibition, mandamus and review which were granted and a rule nisi was issued. The defendant also appealed from the conviction and sentence. La.Sup., 190 So. 625. The rule and the appeal present identical issues. Both the rule and the appeal are submitted for our determination.

While the rule and appeal were not consolidated for submission, yet, counsel for the defendant and counsel for the State in their arguments and in their briefs treat them as though they were consolidated. Therefore, in considering the contentions advanced we will treat them in the manner presented.

Counsel for the defendant contends that the District Attorney was without authority to amend the affidavit, as he did not make it himself.

It appears that the affidavit in the City Court charged the defendant with selling spirituous and alcoholic liquors containing more than one and one-half percentum of alcohol by volume, contrary to the statutes of Louisiana, etc. Counsel for the defendant moved to quash the affidavit on the ground that it did not state a crime or offense under the laws of Louisiana. The motion was overruled and counsel reserved a bill of exceptions. After the defendant was arraigned, and before going to trial, the District Attorney moved to amend the affidavit. The court permitted the District Attorney to amend by inserting the name of the affiant in the blank space in the body of the affidavit and by inserting the words "contrary to the Ordinance No. 188 of Lincoln Parish Police Jury." Counsel raised various objections to the ruling of the court permitting the affidavit to be amended. Counsel urges that there is no general law of Louisiana making it unlawful to sell intoxicating liquors and that there is no charge herein of selling without a license, or selling in a place where the sale was prohibited by a local statute, or of running a blind tiger, or being "engaged in such business." In support of his contention that the District Attorney was without authority to amend the affidavit the counsel cites: State v. Hollingsworth, 164 La. 167, 113 So. 805; State v. Hewitt, 131 La. 115, 59 So. 34; State v. Long, 129 La. 777, 56 So. 884.

The cases cited are not applicable because it was not held in either of them that a district attorney could not amend an affidavit. Under the provisions of Article 2 of the Code of Criminal Procedure, the prosecution could have been conducted by indictment, bill of information or affidavit. The court had authority to permit such amendment under the provisions of Article 253 of the Code of Criminal Procedure. The amendment did not change the nature of the charge but merely informed the defendant of the particular law under which he was being prosecuted. Moreover, whatever merit there was in the defendant's objection, that he was not properly informed of the nature of the charge against him, when urged in the City Court, would be without merit when urged in the District Court a month and a half later when he was tried anew on appeal.

██ Counsel contends that the defendant was not arraigned on the charge after it was amended. Since we have determined that the amendment was permissible it would not be necessary to rearraign the defendant.

██ Counsel for the defendant contends that Section 1 of the Police Jury Ordinance No. 188 is ultra vires, null and void for the reason that it purports to make it unlawful to sell liquors, etc., whereas the petition of the electors for a local option election, the proposition submitted to the electors by the Police Jury, and Act No. 17 of the First Extra Session for 1935, all, call and provide for holding an election "On Whether or Not the Business of Selling," etc., should be licensed or permitted.

In support of this contention, counsel cited State v. Gullotta, 181 La. 47, 158 So. 616. An examination of that case shows the court held that a police jury did not have the authority to adopt a valid ordinance prohibiting the sale of intoxicating liquor because it had not obtained authority to prohibit the sale from the electors in an election called for the purpose. The case cited is not applicable because there was an election held in the instant case.

In the case of Drew v. Town of Zwolle, 185 La. 867, 171 So. 59, where an election was held under the provisions of Act 17 of the First Extra Session of 1935, the ordinance of the Police Jury calling the election provided that the election should be held for the purpose of submitting, etc., the question of whether the "traffic" in beer, etc., shall be permitted or prohibited, etc. The ballot provided to license the "sale" of beer, etc., to be voted against or for. It was held that any form of ballot which fairly apprised the electors of the proposition upon which they were voting was sufficient. This court stated to the effect that it was evident the citizens knew what they were voting on because the request for the election was for the purpose of ascertaining the will of the citizens on the question "whether the business of producing, etc.,—selling, etc., shall be licensed or permitted or whether such business shall not be allowed therein."

From a reading of the Act as a whole, it appears that it was the intention of the

Legislature to grant the various parishes, wards or municipalities the right to permit or prohibit the sale of intoxicating liquors, subject to a limit of alcoholic content and excepting sales for medicinal purposes when prescribed by a physician as a medicine, whenever a majority of the electors voted to that effect at an election held for such purpose. It is true that in some parts of the Act the words "business of selling" are used but in the title and other parts of the Act, the word "sale" is used. The title of the Act states "Providing for the exercise of local option in the parishes [etc.] to determine whether or not alcoholic or intoxicating liquors, as herein defined, shall be produced [etc.] sold," etc. In Section 2, it is stated to the effect that this Act shall not authorize the prohibition of the "sale" of liquors when prescribed, etc. In Section 3, it is provided that the State shall not grant permits or license for the "sale" of such liquors. A mere reading of Section 4 of the Act clearly shows that it was the intention of the Legislature to authorize the parishes to hold elections, to determine whether or not liquors of certain alcoholic contents should be sold. The Act clearly shows that where the word "business" was used, it meant "act" or "traffic," because it clearly appears that the right of local option was given to the parishes to say whether or not such liquors should be sold or prohibited within their confines. The petition calling for the election followed the wording of the statute and stated further that the propositions be submitted in accord with the provisions of Act 17. The resolution, notice of the election, proces-verbal, and promulgation of the election were in accord with the petition of the electors. Moreover, were we to concede the word "business" as used in the Act to mean what the defendant contends, the Police Jury would have the authority to pass regulations necessary to prohibit the business of selling liquors. Under such circumstances the language would be broad enough to cover Section 1 of the Ordinance.

Counsel for the defendant contends that the Ordinance was passed at a special meeting of the Police Jury and that no call or notice was ever issued for the meeting for such purpose. The authorities cited by counsel in support of this contention are to the effect that a Police Jury may meet in special sessions but notice of such must be given to the members.

The Police Jury at its regular meeting on November 1, at which the local option election was called for December 28, provided by resolution, which was incorporated in the minutes, that the Police Jury would meet at its regular meeting place on December 29, at 10:00 A. M., and then and there open the ballot boxes, canvass the returns, and declare the results of the election. All members were present at the meeting of November 1, but on December 29, one member was absent. The absent member testified that he knew the meeting was set to canvass the returns, etc., but had no knowledge that the Ordinance would be passed. The minutes of the Police Jury do not state that the meeting was to be a special meeting.

Section 6394 of Dart's General Statutes, Rev.St. § 2731, reads:

"They [Police Juries] shall have the power to fix the periods of their respective regular meetings, and to meet at any other times which they may deem necessary."

Section 6397 of Dart's General Statutes, Rev.St. § 2734, reads:

"Notice to members shall be necessary only in cases of special meetings."

The meeting clearly was not a special meeting but was a regular meeting under the provisions of section 6394 of the General Statutes because it is provided therein that the body shall have the power to meet at any other time they may deem necessary. Moreover, if the provisions of section 6394 did not apply, the meeting of December 29 would be an adjourned over meeting or a continuation of the meeting of November 1. In either event, there was no necessity for a notice. The meeting being a regular meeting or a continuation of a regular meeting, the Police Jury had the authority to pass the Ordinance. Moreover, the Ordinance was germane to the election.

Counsel contends that because of a regular meeting of the Police Jury on December 26, between the date of the meeting of November 1 and the meeting of December 29, that the meeting of December 29 was illegal. The counsel cites no authorities to support this contention. We see no merit in this contention.

The counsel contends that the resolution of November 1 is so vague and indefinite that it would be impossible to vote "Yes" or "No" on either of the propositions to be submitted to the electors and know what was being done. The counsel has not called our attention in what respect the resolution is vague. We find no vagueness.

The counsel contends that Ordinance 188 is illegal because it was passed prior to the promulgation of the election. The Ordinance provided that it should not take effect until February 15, a date subsequent to the promulgation. This involves a mere informality.

Counsel contends that the Ordinance is illegal because no total vote was shown as to proposition #2, as to a vote within the Town of Ruston, the situs of the alleged offense, and that under Section 7 of Act 17 of the First Extra Session of 1935, it was necessary to declare the results within the incorporated town. In other words, that the public has never been informed as to the vote of alcoholic liquors in excess of 6 per cent. within the Town of Ruston. Counsel merely makes a contention and cites no authorities in support of it. We find no merit in this contention.

The counsel contends that the election was not properly held because no booths were provided, the electorate was not given an opportunity of casting a secret ballot, and the ballot did not have detachable numbers as provided for by the general election law. In other words, the counsel contends that no proper election machinery was set up. Counsel cites Police Jury v. Ponchatoula, 118 La. 138, 42 So. 725, in support of this contention. The case cited is not applicable because in that case the President of the Police Jury undertook by his own proclamation to set up the election machinery. The election ma-

chinery set up herein sufficiently complied with the provisions of Act No. 17. Drew v. Town of Zwolle, supra; Pennix v. Webster Parish Police Jury, 188 La. 902, 178 So. 390.

■ The counsel contends there was no evidence to justify the District Court in affirming the judgment and sentence of the Municipal Court. The Municipal Court and the District Court found the evidence sufficient; and, according to the Constitution, section 10, article 7, this court has not jurisdiction to decide questions of fact, or of the sufficiency of the evidence, relating to the question of guilt or innocence of the party accused in a criminal prosecution.

■ The defendant contends that a new trial should be granted because of newly discovered evidence as set out in the motion for a new trial. The bill of exceptions taken to the overruling to the motion for a new trial states to the effect that it was leveled at the evidence upon which the defendant was convicted. It was claimed that there was no evidence at all tending to prove the defendant had violated any law of Louisiana or the Police Jury Ordinance. It was expressly stated in the bill of exceptions that matters raised in the motion for a new trial upon which separate bills were reserved would be presented in special bills of exceptions. We find no such special bill of exceptions in the record. The only complaint raised in the bill of exceptions and presented to the lower court was to the effect that the evidence was not sufficient to convict. Therefore, there is no bill of exceptions in the

record taken to the overruling of the motion for a new trial on newly discovered evidence, consequently, there is nothing before us to pass on.

For the reasons assigned the conviction and sentence are affirmed.