**22 So.2d 196**

**STATE v. BIENVENU.**

**No. 37731.**

March 26, 1945.

Rehearing Denied April 30, 1945.

R. A. Dowling, of New Orleans, for defendant and appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., L. H. Perez, Dist. Atty., of New Orleans, and Bruce Nunez, Asst. Dist. Atty., of Arabi, for the State, plaintiff-appellee.

ROGERS, Justice.

Larry Bienvenu, Jr., was charged in two informations with wilfully and unlawfully committing the crime of gambling with dice for money in the Parish of St. Bernard on or about the 27th and 28th of April, 1944. The informations were numbered 576 and 577 on the docket of the district court and by agreement of counsel were consolidated for the purpose of trial.

Before pleading, the defendant filed in each case a motion for a bill of particulars, which was furnished by the assistant district attorney. After the bills of particulars were filed, the defendant "entered a plea of 'not guilty' on both counts" and was ordered to trial. During the trial, defendant reserved two bills of exception—one to the overruling of his objection to the admission of evidence and the other to the refusal of his request for a special charge. As shown by the minutes of the court, the trial judge "found the defendant, Larry Bienvenu, Jr., guilty as charged on both counts." Defendant's motions for a new trial and in arrest of judgment were denied. After the motion in arrest was denied and defendant's third bill of exception was reserved to the ruling, the trial judge sentenced the defendant to pay a fine of $500 and to serve six months in the Parish jail on each charge, the jail sentences to run concurrently.

Defendant has appealed from the conviction and sentence pronounced against him.

The three bills of exception reserved by the defendant are so interrelated that they may be considered and disposed of as one bill. They are based on the proposition that the informations were filed and defendant was prosecuted under the provisions of Act 70 of 1908, which was expressly repealed by section 2 of article 142 of Act 43 of 1942—the Criminal Code.

The defendant objected to the introduction of evidence by the State for the purpose of proving the offense for which he was being prosecuted on the ground that the informations did not charge any offense known to the law. The trial judge overruled the objection, to which ruling defendant reserved bill of exception Number One.

After the State had submitted its evidence, under the authority of article 393 of the Code of Criminal Procedure, the defendant requested the trial judge for a special charge to the effect that the informations failed to charge him with conducting as a business any game whereby per-

sons risked the loss of anything of value to gain or realize a profit, as provided by the present law applying to gambling, which is article 90 of Act 43 of 1942 (the Criminal Code), but instead the informations charged him with gambling with dice for money denounced as an offense by Act 70 of 1908, which Act was expressly repealed by Act 43 of 1942. The requested charge was denied, to which ruling defendant reserved bill of exception Number Two.

After his conviction and before sentence, defendant filed a motion in arrest of judgment alleging that the charge under which he was being prosecuted in the informations was that he did "Wilfully and unlawfully commit the crime of gambling with dice for money," denounced as a misdemeanor by Act 70 of 1908, which has been specifically repealed by Act 43 of 1942 and that, therefore, defendant was prosecuted and convicted under a nonexisting law and that there is now no offense known in this State as the one of which he was convicted. The motion in arrest was denied, to which ruling defendant reserved bill of exception Number Three.

The bill of particulars filed by the assistant district attorney in each case set out that the defendant operated a gambling game of dice open to the public and that he gambled with all comers, including large numbers of persons whose names are unknown to the district attorney; that defendant hazarded large sums of cash money amounting to several thousands of dollars, including several large stacks of silver dollars and a large quantity of paper bills in denominations as large as one hundred dollars which he had on his gambling dice table, taking all bets and all winnings and paying all losses, and that defendant operated his gambling dice game open to the public for several hours during the night and especially during the hours from 7:00 to 11:00 P. M., on April 27th and April 28th, 1944, in a building at No. 1049 Friscoville Avenue, in Arabi, Parish of St. Bernard, Louisiana, which building is generally known as the J. & R. Cafe and also as the Jake & Russ Cafe, and that he used regular dice, being cubes having six uniform sides, numbered respectively 1 to 6, in his gambling dice game. The assistant district attorney further set out in each bill of particulars that he was not called upon to give the exact or approximate amount of money lost or won by the defendant or other persons in the operation of defendant's gambling game of dice, but that large sums were both won or lost by different players and by the defendant, including losses of fifty dollars on April 27th, 1944, by a State witness, and the sum of thirty dollars won by a State witness on April 28, 1944, in the gambling dice game operated by the defendant.

It is apparent that the statute under which the prosecution in each of these cases was instituted in section 1 of Act 70 of 1908 and not article 90 of Act 43 of 1942, which is the Criminal Code. Section 1 of Act 70 of 1908 provides: "That whoever shall engage * * * in gambling with dice, for money or any representative of money or any other consideration whatever shall be guilty of a misdemeanor, * * *." The charge in both bills of information is

that defendant committed the crime of "gambling with dice for money." The charge, therefore, tracks the language of section 1 of Act 70 of 1908.

But it is contended on behalf of the State that the bill of particulars filed in each case must be read into the bills of information and that as thus amended the bills of information definitely charge defendant with the crime of gambling as denounced by article 90 of the Criminal Code, which is Act 43 of 1942. We do not agree with this contention. Conceding, for the sake of argument, that the bill of particulars filed in each of these cases does set forth and describe at great length the gambling business defendant was conducting so as to bring his offense within the provisions of article 90 of the Criminal Code, nevertheless the fact remains that defendant is not being prosecuted on the bills of particulars, but solely on the informations. A bill of particulars can never take a criminal prosecution out of the statute on which the indictment or information is based.

■ The sole office of a bill of particulars is to give the adverse party information which the pleadings by reason of their generality do not give and to compel the State to observe certain limitations in offering evidence. A bill of particulars can not change the offense charged nor in any way aid an indictment or information fundamentally bad. Corpus Juris Vol. 31, Indictments and Informations, sec. 310, pp. 752, 753; American Jurisprudence Vol. 27, Indictments and Informations, sec. 112, pp. 672 and 673. The rule in this State is in

accord with this general rule. Thus in State v. Long, 129 La. 777, 56 So. 884, it was held that an information charging certain officers with permitting prisoners to escape was not rendered bad for duplicity by the averments of a bill of particulars. In so holding, the Court used this language appearing at page 779 of the opinion in 129 La., at page 885 of 56 So.: "Conceding, for argument, that the bill of particulars in this case does set forth several distinct and separate offenses, the accused are not being prosecuted on it, but exclusively on the information. The province of a bill of particulars is not to charge new offenses, or to enlarge the indictment or information but merely to inform the accused more specifically of the facts upon which the prosecution is based." The ruling in State v. Long was cited with approval in State v. Hewitt, 131 La. 115, 59 So. 34.

It is true that in State v. Hewitt an indictment and not an information was involved and that the Court in its opinion stated the district attorney has authority to amend only bills of information and not bills of indictment. But the statement was inadvertently made as it was not necessary to the decision. This was pointed out in State v. Grimms. 143 La. 421, at page 423 of the opinion, 78 So. 661, where this Court said: "The expression in State v. Hewitt, 131 La. [at page] 117, 59 So. [at page] 35, that the district attorney has authority to amend only bills of information, not bills of indictment, was unnecessary to the decision, and, being contrary to the statute * * * must be regarded as an inad-

vertent expression." This statement was quoted with approval in State v. Dreher, 166 La. 924, 118 So. 85.

■ Although the bills of information in these cases apparently charge an offense in the language of Act 70 of 1908 prohibiting gambling with dice for money, defendant desiring to be advised of the specific acts of which he was accused, applied for and obtained the bills of particulars. He did this for his own benefit and not for the benefit of the State. It was not defendant's purpose in demanding the bills of particulars to afford the State an opportunity, by filing the bills, to bring the cases within a statute other than the statute on which the bills of information were predicated. It was defendant's purpose only to compel the State to set forth with greater particularity than was done in the bills of information the offense with which he was charged. The bills of particulars which were furnished by the State were not sufficient to impart validity to the invalid bills of information on which defendant was being prosecuted, nor were they sufficient to deprive defendant of his right to have the charge against him dismissed because the bills of information in which it was made were fundamentally bad.

■ Our conclusion is that the trial judge erred in refusing to sustain defendant's motion in arrest of judgment in which it is alleged that defendant's conviction and sentence should be arrested and held for naught for the reason that defendant was prosecuted for an offense denounced by a repealed statute and, consequently, there is no existing statute in this State denounc-ing the offense for which defendant was convicted and sentenced.

■ A defect apparent on the face of a bill of information may be made the basis for a motion in arrest of judgment. State v. Croal, 198 La. 820, 5 So.2d 16. And this is so notwithstanding the failure of the defendant to demur or move to quash the bill of information for a substantial defect. State v. Pridgen, 187 La. 569, 175 So. 63. A verdict of guilty founded upon an indictment or information insufficient to charge any crime is ineffective and a sentence thereunder is unauthorized. State v. McDonald, 178 La. 612, 152 So. 308; Code of Criminal Procedure, article 405. When a statute creating an offense is repealed without a saving clause, it puts an end to the prosecution even after judgment in the inferior court, and the judgment must be reversed if not affirmed before repealed. State v. Whitbeck, 136 La. 896, 67 So. 949; State v. Hagen, 136 La. 868, 869, 67 So. 935. A fortiori, where a statute creating offenses has been repealed without a savings clause, the statute loses its force as law. An information or an indictment based on such a repealed statute is ineffective to charge any crime, and an indictment and sentence thereon is unauthorized. The bills of information herein under review are predicated on section 1 of Act 70 of 1908, which Act was expressly repealed by article 142 of the Criminal Code, Act 43 of 1942. From which it follows that the bills of information are so defective that they charge no crime and defendant's prosecution, conviction and sentence thereunder is of no legal force or effect.

For the reasons assigned, the motion in arrest of judgment is sustained, the conviction and sentence of the defendant herein appealed from are annulled, and it is ordered that the defendant be discharged.

HAMITER, Justice (dissenting).

Although the bills of information as originally filed made no mention of the specific statute under which defendant was being prosecuted, they did charge him merely with wilfully and unlawfully committing the crime of gambling with dice for money. Unquestionably this was not sufficient for a conviction of the crime of gambling as defined by our existing laws, and the informations would have been vulnerable to an attack by motions to quash. Instead of proceeding in that manner, however, defendant asked for bills of particulars. These were furnished by the assistant district attorney and they disclosed that defendant operated a dice table, open to the public for several hours during each night, by which he gambled with all comers.

The effect of the bills of particulars, in my opinion, was to amend the informations so as to charge defendant, under the statute now in force (Article 90 of the Louisiana Criminal Code), with the conducting, as a business, of a dice game whereby a person risks the loss of money in order to realize a profit. State v. Lemoine, 178 La. 1070, 152 So. 907; State v. Smith, 179 La. 614, 154 So. 625. Therefore, I think that the trial court correctly overruled the motions in arrest of judgment.

Accordingly, I respectfully dissent.