AYRES, Judge.
The object of this action is to have declared null and void a local option election held in Ward 4, Morehouse Parish, on July 31, 1956, and to restrain, enjoin and prohibit through injunctive process . the Morehouse Parish Police Jury, its officers and members, from enacting any ordinance *464 pursuant to said election. From a judgment upholding the validity of the election and dismissing plaintiffs’ suit, they have appealed.
The aforesaid local option election was attacked as illegal, null and void for these reasons:
(1) That the Morehouse Parish Police Jury did not attach to the petition for said election its sworn verification showing the day, month and year the petition was filed with it as required by LSA-R.S. 26:586;
(2) That the resolution calling the election was not adopted at a regular session of the Police Jury as required by LSA-R.S. 26:586, and
(3) That the election was not separately called and separately held as required by LSA-R.S. 26 :582 et seq., as the same voting machine was used to record the votes on the local option election and a primary held on the same date by the Democratic Party to nominate a candidate for congressman for the Fifth Congressional District of Louisiana.
Submission of the issues was made upon an agreed statement of facts, or stipulation, filed in the record. The first ground for the attack on the validity of the election was neither urged in oral argument nor in brief before us and, therefore, may be considered as abandoned. However, it may be stated that the contention made on this point is without merit as paragraph one of the stipulation states that the petition praying for a local option election bore the sworn verification of the Police Jury showing the day, month and year the petition was filed with it.
The second contention advanced why the election was null and void, that is, that the resolution calling for such election was not adopted at a regular meeting of the Police Jury, is likewise without merit. In paragraph two of the stipulation it is stated that at a regular meeting of the Morehouse Parish Police Jury held June 5, 1956, a motion was made, duly seconded and adopted, that the Police Jury remain in continuous session through Saturday, June 9, 1956, at which time consideration was given to the petition presented for the local option election and the resolution adopted pursuant thereto calling said election. LSA-R.S. 33:1227 reads:
“Police juries may fix the periods of their respective regular meetings, and meet at any other times which they deem necessary.”
Section 1230 of the aforesaid statute provides:
“Notice to members shall be necessary only in cases of special meetings.”
In State v. Bonner, 193 La. 387, 190 So. 621, 624, the facts concerning a similar situation were stated as follows:
“The Police Jury at its regular meeting on November 1, at which the local option election was called for December 28, provided by resolution, which was incorporated in the minutes, that the Police Jury would meet at its regular meeting place on December 29, at 10:00 A.M., and then and there open the ballot boxes, canvass the returns, and declare the results of the election. All members were present at the meeting of November 1, but on December 29, one member was absent. The absent member testified that he knew the meeting was set to canvass the returns, etc., but had no knowledge that the Ordinance would be passed. The minutes of the Police Jury do not'state that the meeting was to be a special meeting.”
Whereupon, the court concluded:
“The meeting clearly was not a special meeting but was a regular meeting under the provisions of section 6394 of the General Statutes because it is provided therein that the body shall have the power to meet at any other time they may deem necessary. Moreover, if the provisions of section 6394 did not *465 apply, the meeting of December 29 would be an adj ourned over meeting or a continuation of the meeting of November 1. In either event, there was no necessity for a notice. The meeting being a regular meeting or a continuation of a regular meeting, the Police Jury had the authority to pass the Ordinance. Moreover, the Ordinance was germane to the election.”
The meeting of the Police Jury at which the resolution under attack was adopted was either a regular meeting or a continuation of the regular meeting and the Police Jury had the authority to enact the resolution.
As to the third ground of attack upon the election, it is noted in paragraphs three and four of the stipulation that in the local option election the same precincts and voting places were used that had been used in previous elections; that, although a Democratic primary to nominate a congressman was held on the same date, separate commissioners, not connected or concerned with the Congressional primary, conducted the local option election, and that in Precincts 6, 7, 9, 10 and 12 of Ward 4 separate voting machines were used for the local option election. In the remainder of the precincts of said Ward, voting machines were used to record the votes cast in both the primary and the local elections. This was provided for because it was necessary to have separate tallies of the votes cast inside the incorporated City of Bastrop and the unincorporated portion of Ward 4 in order to comply with the local option statute, particularly LSA-R.S. 26:582. However, the ballots were tabulated separately by the separate and special commissioners holding said local option election. It is not contended that in the process any one legally qualified to vote in the local option election was deprived of that right. Neither is it contended that any prejudice to plaintiffs resulted therefrom, reliance being limited to the proposition that such procedure was a mere informality. Nevertheless, the elec-tion requirements of the local option statute were met and substantially complied with.
Accordingly, judgment appealed is, therefore, affirmed at appellants’ cost.
Affirmed.